FILED
United States Court of Appeals
Tenth Circuit

January 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

DANIEL CHARLES SCHULZ,

      Defendant–Appellant.

No. 11-8024
(D.C. No. 1:10-CR-00324-NDF-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

      Daniel Schulz appeals following his guilty plea for distribution of fentanyl resulting in death. His counsel moves for leave to withdraw under Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

---

      * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

## I

Schulz was charged with conspiracy to distribute fentanyl and distribution of fentanyl resulting in death. Pursuant to a written plea agreement, Schulz pled guilty to the latter count in exchange for dismissal of the former count and the government's agreement to consider moving for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. In the plea agreement, Schulz acknowledged that he was waiving various constitutional rights by pleading guilty.

At a change of plea hearing, the district court conducted a colloquy with Schulz. The district court ensured that Schulz was not being treated for mental illness, was not under the influence of drugs or alcohol, had discussed the plea agreement with his attorney, and understood the plea agreement and its consequences. Following the colloquy, the district court accepted Schulz's guilty plea.

Although the crime to which Schulz pled guilty carries a twenty-year minimum sentence, see 21 U.S.C. § 841(b)(1)(C), the government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, recommending a sentence of ten years. Schulz successfully moved for a further departure, resulting in a sentence of 96 months' imprisonment.

## II

If an attorney conscientiously examines a case but concludes that an appeal would be frivolous, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Under these circumstances, counsel must submit a brief highlighting any potentially appealable issues. The defendant may then file a pro se

brief. If, upon carefully examining the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id.

Counsel in the case at bar notes one potentially appealable issue: the substantive reasonableness of Schulz's sentence. "We review for abuse of discretion the district court's sentencing decision." United States v. Osborne, 593 F.3d 1149, 1151 (10th Cir. 2010) (citation omitted). A below-Guidelines sentence is presumed to be reasonable. See United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). Having reviewed the record and the appellate filings, we agree with counsel that the substantive reasonableness of Schulz's sentence would be a frivolous issue to appeal.

After counsel submitted an Anders brief, Schulz elected to file a pro se brief. In that brief, he argues that his counsel was ineffective at both the trial and appellate stages. However, ineffective assistance claims generally should be pursued in a habeas petition rather than on direct appeal so that a district court may compile an appropriate record. See Massaro v. United States, 538 U.S. 500, 504-05 (2003). Because the record in this case is not developed as to Schulz's ineffectiveness claim, we decline to consider it on direct appeal.

Schulz also argues that the district court erred in calculating his criminal history category. However, he does not explain the manner in which he believes the district court erred. "Arguments inadequately briefed in the opening brief are waived." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998). Although we must construe a pro se litigant's arguments liberally, we cannot serve as an advocate. See United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009). Schulz has not explained how he believes

-3-

the district court miscalculated his criminal history.  Accordingly, we cannot consider this claim.

## III

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge