FILED
United States Court of Appeals
Tenth Circuit

May 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO SAAVEDRA-VEGA,

Defendant - Appellant.

No. 11-6330

W.D. Oklahoma

(D.C. No. 5:11-CR-00093-F-1)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

I. **Introduction**

Appellant Sergio Saavedra-Vega pleaded guilty to one count of illegal

reentry after deportation subsequent to an aggravated felony conviction, in

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

violation of 8 U.S.C. § 1326(a). The district court sentenced him to seventy-six months' imprisonment, one month below the bottom of the advisory guidelines range. Saavedra-Vega appeals the sentence imposed by the district court, arguing it is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Saavedra-Vega's sentence.

## II.    Background

In 2007, while incarcerated in a facility operated by the Oklahoma Department of Corrections, Saavedra-Vegas was discovered by Immigration and Customs Enforcement ("ICE") agents. The agents interviewed Saavedra-Vega, who conceded he had previously been deported to Mexico and had not received permission to reenter the United States. ICE filed a detainer with the Oklahoma Department of Corrections but Saavedra-Vega was released from custody in 2008. He was rearrested in 2009 for failure to pay child support and released to ICE custody in 2011. Saavedra-Vega was subsequently charged in federal court with the crime of illegal reentry by a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2). He pleaded guilty to the charge without a written plea agreement. He did, however, sign a petition to enter a plea of guilty wherein he stated:

> On or about June 4, 2007, I was found in the Western District of
> Oklahoma, after I had been removed from the United States by
> immigration authorities (in 2003), following conviction for a felony

which is defined in federal law as an "aggravated felony." I am not a U.S. citizen and I did not seek or receive permission from the Attorney General or Secretary for Homeland Security to reapply for admission and return.

After the district court accepted Saavedra-Vega's plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Saavedra-Vega's base offense level at eight but increased it sixteen levels pursuant to USSG § 2L1.2(b)(1)(A)(I) because Saavedra-Vega had a prior conviction for possession of a controlled dangerous substance with intent to distribute. The offense level was reduced by three levels for acceptance of responsibility pursuant to USSG § 3E1.1, resulting in a total offense level of twenty-one. Saavedra-Vega's criminal history points totaled eighteen, corresponding to a criminal history category of VI. The prior convictions used to calculate his criminal history score included various drug and theft crimes and a conviction for omitting to provide for a child. Saavedra-Vega's combined offense level and criminal history category resulted in an advisory guidelines sentencing range of seventy-seven to ninety-six months' imprisonment.

Saavedra-Vega submitted a sentencing memorandum, requesting a sentence below the bottom of the advisory guidelines range. With respect to the nature and circumstances of the offense and his history and characteristics, Saavedra-Vega noted he came to the United States as a child and this country is the only home he knows. He asserted his family will suffer when he is again deported to Mexico

and he now appreciates the seriousness with which the United States views and punishes illegal reentry. Saavedra-Vega argued his illegal reentry offense is a regulatory "or status" offense that does not implicate malicious intent and is far less serious than other criminal offenses with the same guidelines offense level. He asserted he had no intention of returning again to the United States and noted his deportation, accordingly, will prevent him from committing additional crimes in the United States. In addition to specific arguments discussing each of the § 3553(a) factors, he also argued generally that any sentence within the advisory guidelines range was greater than necessary to satisfy the objectives of sentencing and thus he requested a sentence "well below" the range.

At the sentencing hearing, the district court considered Saavedra-Vega's arguments but concluded they did not support a sentence significantly below the advisory guidelines range. In considering the § 3553(a) factors, the court noted Saavedra-Vega's criminal history which included prior convictions for grand larceny, concealment of stolen property, possession of a controlled substance with intent to distribute, omitting to provide for a child, and possession of 19.5 grams of marijuana. The court concluded a below-guidelines sentence was not justified based on the need to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crimes. The court specifically noted its disbelief of Saavedra-Vega's assertion that he would not return to the United States, stating:

I don't believe for a minute that this defendant intends to remain in Mexico. I'm well-satisfied that his plan would be to return to the United States. He has compelling reasons to do so. He may be mentally and emotionally prepared to be returned to Mexico, but I think it is quite unlikely that he is prepared mentally or emotionally or in any other way to stay in Mexico.

The district court sentenced Saavedra-Vega to seventy-six months' incarceration, one month below the bottom of the advisory guidelines range to effectively credit him with the month he was detained in ICE custody.

## III. Discussion

This court reviews Saavedra-Vega's challenge to the substantive reasonableness of his sentence under a deferential abuse of discretion standard. *Rita v. United States*, 551 U.S. 338, 351 (2007). "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). Those factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, [and] to protect the public." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). When a sentence falls within a properly calculated guidelines range, it is entitled to a rebuttable presumption of substantive reasonableness. *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009). When a defendant challenges the substantive reasonableness of a

below-guidelines sentence, the same rebuttable presumption applies. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Thus, Saavedra-Vega bears the burden of demonstrating his sentence is outside the range of sentences the record can "fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Repeating many of the arguments he presented to the district court, Saavedra-Vega asserts a weighing of the § 3553(a) factors supports a shorter sentence than the one imposed by the district court. Our review of the record reveals no reversible error in the district court's analysis of the § 3553(a) factors. The court considered each one, disagreeing with Saavedra-Vega over whether his personal history and the nature of the offense supported a sentence significantly below the advisory guidelines range. To the extent Saavedra-Vega argues the district court abused its discretion by failing to vary downward based on policy disagreements with the Guidelines, his argument has already been rejected by this court. *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) ("[A] sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range based on disagreements with the policies underlying a particular Guideline provision." (quotation omitted)).

After reviewing and considering Saavedra-Vega's appellate arguments, we conclude he has failed to rebut the presumption his sentence is reasonable. The district court fully considered the arguments Saavedra-Vega presented in support

of his request for a sentence significantly below the advisory guidelines range.  It weighed the § 3553(a) factors, explained its reasoning, and imposed a sentence one month below the bottom of the correctly calculated advisory guidelines range. Saavedra-Vega has not shown that sentence is outside the range of sentences the record can fairly support.  *McComb*, 519 F.3d at 1053.

## IV.    Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge