FILED
United States Court of Appeals
Tenth Circuit

November 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

EMANUEL TRAPERO-CORTEZ,

      Defendant - Appellant.

No. 12-2073
(D.C. No. 2:11-CR-01858-MCA-1)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Emanuel Trapero-Cortez pled guilty to one count of reentry of a removed alien in

violation of 8 U.S.C. §§ 1326(a) and (b), and he was sentenced to 42 months of

imprisonment.  He filed a timely notice of appeal of the district court's sentencing.  After

a diligent search of the record, Mr. Trapero-Cortez's counsel determined there were no

---

     [*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

issues that could support an appeal. He therefore filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 3742(a)(2) and finding no non-frivolous issues, we dismiss the appeal. We also grant counsel's motion to withdraw.

## I. BACKGROUND

Mr. Trapero-Cortez was indicted on July 13, 2011, on one count of reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). He pled guilty without a plea agreement.

In preparation for Mr. Trapero-Cortez's sentencing, the U.S. Probation Office completed a presentence investigation report ("PSR"). The PSR concluded that Mr. Trapero-Cortez's offense level of 21 and his criminal history category of IV placed his Sentencing Guidelines (the "Guidelines") range at 57 to 71 months.[1]

At Mr. Trapero-Cortez's April 12, 2012 sentencing hearing, he requested a downward variance from the Guidelines range. In support, he asserted that his parents brought him to the United States as an unwilling minor, he has family responsibilities here, and there is significant drug violence in his home state of Sinaloa, Mexico.

The district court granted Mr. Trapero-Cortez's request for a downward variance, citing his "commitment to his family." ROA, Vol. III at 17. Noting that she had considered the 18 U.S.C. § 3553(a) sentencing factors, the district court judge sentenced

---

[1] We have reviewed the PSR's recommended offense level and criminal history category for Mr. Trapero-Cortez and see no error in the calculations.

Mr. Trapero-Cortez to 42 months of imprisonment with a recommendation that Immigration and Customs Enforcement begin removal proceedings during Mr. Trapero-Cortez's sentence. The court entered its judgment on May 1, 2012.

Mr. Trapero-Cortez filed a timely notice of appeal on April 18, 2012. His counsel filed an *Anders* brief and a motion to withdraw, finding "no meritorious issue to raise on Mr. Trapero-Cortez's behalf." Aplt. Br. at 5-6. According to his counsel's *Anders* brief, Mr. Trapero-Cortez argues that the variance was not sufficient and his sentence is greater than necessary to achieve the purposes of sentencing under § 3553(a). The Government notified the court that it would not oppose the *Anders* motion.

Mr. Trapero-Cortez was notified of the *Anders* motion, and he filed a response listing two reasons why the court should reconsider his sentence. First, he argues that the district court did not give sufficient weight to the danger he and his family face in Mexico. Second, he claims that his counsel was ineffective at the pleading stage and in his presentence interview.

## II. DISCUSSION

### A. *Applicable Law*

Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* (citing *Anders*, 386 U.S. at 744). If there are no non-frivolous

issues, we may grant counsel's motion to withdraw and dismiss the appeal.  *Id.*

**B.** *Application*

We have conducted a full review of the record and agree with Mr. Trapero-Cortez's counsel that it indicates no non-frivolous issues that may be appealed. The *Anders* brief considers a single issue:  whether Mr. Traper-Cortez's 42-month sentence is reasonable.

 "[T]his Court reviews sentences for reasonableness, as informed by the 18 U.S.C. § 3553(a) sentencing factors."  *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007).  This review consists of two components:  procedural and substantive reasonableness.  *See Id.* at 51.  The *Anders* brief discusses the substantive reasonableness of his sentence.  We will address both substantive and procedural reasonableness.

**1.** *Substantive Reasonableness*

We review a sentence's substantive reasonableness for abuse of discretion, *see Gall,*552 U.S. at 51, assessing whether "the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors," *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008); *see also Gall*, 552 U.S. at 51.

The district court reduced Mr. Trapero-Cortez's sentence below the Guidelines range based on his family commitments in the United States.  Sentences within or below the Guidelines carry a presumption of substantive reasonableness.  *Rita v. United States*, 551 U.S. 338, 347-48 (2007); *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir.

2011).  We see no abuse of discretion in the substantive reasonableness of the sentence.

### 2. *Procedural Reasonableness*

We review a sentence's procedural reasonableness for plain error when, as here, the defendant did not object in the district court.  *United States v. Booker*, 543 U.S. 220, 268 (2005); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).  The district court adequately explained its reasoning for the sentence in open court and considered both Mr. Trapero-Cortez's grounds for requesting for a downward variance and the § 3553(a) factors.  Mr. Trapero-Cortez does not contest the procedural reasonableness of his sentencing, and nothing suggests that the district court's sentencing was in error.

### 3. *Ineffective Assistance of Counsel*

This court has held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."  *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).  Ineffective assistance of counsel claims brought on direct appeal are "presumptively dismissible, and virtually all will be dismissed."  *Id.* at 1240; *see e.g.*, *United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993).  We will, accordingly, not consider in this direct appeal Mr. Trapero-Cortez's claims that his counsel was ineffective.

## III. CONCLUSION

We dismiss the appeal and grant counsel's motion to withdraw.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge