FILED
United States Court of Appeals
Tenth Circuit

June 29, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ALCEDES BALBIN-MESA,

Defendant-Appellant.

No. 10-2161

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 2:10-CR-00063-BB-1)**

---

Submitted on the briefs:[*]

Anthony Viorst, The Viorst Law Offices, P.C., Denver, Colorado, for Defendant-Appellant.

Kenneth J. Gonzales, United States Attorney, Laura Fashing, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Jesus Alcedes Balbin-Mesa, a citizen of Colombia, appeals from the below-guideline sentence imposed upon him after he pled guilty, without a plea agreement, to a charge of reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a)(1) and (b)(1).  Exercising jurisdiction under 18 U.S.C. § 3742(a)(1), we affirm.

## I.  Procedural History

In November 2009, a United States Border Patrol agent encountered Mr. Balbin-Mesa in New Mexico near the Mexican border.  R., Vol. 1, at 5-6. Mr. Balbin-Mesa conceded that he was present in the United States without admission by an immigration officer, and that he had previously been deported in 1994 after having served time on a 1990 state sentence for cocaine trafficking, an aggravated felony.  *See id.*  He was subsequently charged by information with one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2).  R., Vol. 1, at 5-6.  He pled guilty to the charge, without the benefit of a plea agreement.  *Id.*, Vol. 3, Tr., Jan. 12, 2010, Plea Hr'g at 2, 11.  The probation department determined in the presentence report that his total offense level was twenty-one and his criminal history category was I, resulting in an advisory guideline range of thirty-seven to forty-six months.

In March 2010, Mr. Balbin-Mesa filed a motion asking for a downward

adjustment from the applicable guideline range in light of the sentencing factors

in 18 U.S.C. § 3553(a).[1]  R., Vol. 1, at 7, 13-18.  He expressed his agreement to

---

[1]    The factors to be considered include:

     **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—

          **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

          **(2)** the need for the sentence imposed—

               **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

               **(B)** to afford adequate deterrence to criminal conduct;

               **(C)** to protect the public from further crimes of the defendant; and

               **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

          **(3)** the kinds of sentences available;

          **(4)** the kinds of sentence and the sentencing range established for—

               **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

                                                            (continued...)

-3-

>        **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>        **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement—

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the

(continued...)

an offer the government had made to deduct another point from his offense level if he waived his appeal rights, and that lowered his advisory guideline range to thirty-three to forty-one months. *Id.* at 7. He further explained that he was then fifty-six years old, *id.*, that his prior conviction for cocaine trafficking was his only conviction and was over twenty years old, *id.* at 8, that he had come to the United States this time only to seek work to save enough money to return to Colombia, *id.*, and that he intended to return to Colombia to support his minor children there, *id.* at 16. He suggested that a sentence of twenty-seven months would be sufficient. *See id.* at 9.

Mr. Balbin-Mesa then obtained new counsel for sentencing purposes, and his new counsel filed a sentencing memorandum. *Id.* at 41. He argued that the advisory guideline range of thirty-seven to forty-six months was absurd because without Mr. Balbin-Mesa's single prior conviction for cocaine trafficking, the advisory guideline range would have been zero to six months. *Id.* at 44. He summarized the difficult circumstances of Mr. Balbin-Mesa's life and requested a variance from the advisory guideline range. *See id.* at 41-42, 45; *see also United States v. Sells*, 541 F.3d 1227, 1237 n.2 (10th Cir. 2008) (explaining the analytical distinction that a downward *departure* is made under Chapter 4 or 5 of

---

[1](...continued)
         offense.

18 U.S.C. § 3553(a) (footnote omitted).

the Sentencing Guidelines, whereas a downward *variance* is made in light of the sentencing factors in 18 U.S.C. § 3553(a)).

In June 2010, the district court held a sentencing hearing. The parties confirmed that Mr. Balbin-Mesa's agreement to waive his appeal rights lowered the advisory guideline range to thirty-three to forty-one months. *See* R., Vol. 3, Tr., June 23, 2010, Sentencing Hr'g at 8-10. Mr. Balbin-Mesa again asked for a variance in light of the sentencing factors in 18 U.S.C. § 3553(a) and the circumstances of this case, suggesting that sixteen months' imprisonment would be a sufficient sentence. R., Vol. 3, Tr., June 23, 2010, Sentencing Hr'g at 9.

After hearing the parties' arguments, the district court stated that Mr. Balbin-Mesa's offense level with the appeal waiver was twenty and the criminal history category was I, resulting in an advisory guideline range of thirty-three to forty-one months. *Id.* at 10. The court further noted that Mr. Balbin-Mesa's prior conviction "occurred 21 years ago and . . . [he] has not had prior or subsequent convictions since that first offense[.]" *Id.* The court expressly stated that it would "rely on the factors of [§] 3553 and craft a sentence that [was] adequate to reflect the seriousness of the offense as well as the deterrence necessary in protection of the public." *Id.* The court considered it "sufficient, but not greater than necessary" to sentence Mr. Balbin-Mesa to twenty-eight months' imprisonment, granting to this extent his request for a downward variance from the advisory guideline range in light of the sentencing

factors in 18 U.S.C. § 3553(a).  *See* R., Vol. 3, Tr., June 23, 2010, Sentencing

Hr'g at 10-11; *see also id.*, Vol. 1, at 60.  The court ordered a two-year period of

supervised release, and added the special condition that Mr. Balbin-Mesa not

reenter the United States again without prior legal authority.  *Id.*, Vol. 3, Tr.,

June 23, 2010, Sentencing Hr'g at 11.  The court warned Mr. Balbin-Mesa that if

he violated that special condition, he would "immediately be placed in prison and

likely have to serve a longer sentence next time[.]"  *Id.*  The court did not impose

a fine due to Mr. Balbin-Mesa's "lack of financial resources[.]"  *Id.*

At the end of the hearing, the court asked if there was anything further on

behalf of the government or the defendant.  *Id.* at 12.  Mr. Balbin-Mesa

responded:  "No."  *Id.*  He did not object to the district court's pronouncement of

the sentence.  *See id.*  He now appeals.[2]

## II.  Standards of Review and Issue on Appeal

Since the Supreme Court announced its decision in *United States v. Booker*,

543 U.S. 220 (2005), we review all sentences for reasonableness.  *United States v.*

*Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006).  "[U]nreasonable

sentences, whether they fall within or outside the advisory Guidelines range, are

'imposed in violation of law' and [are] thus reviewable pursuant to [18 U.S.C.]

---

[2]     On November 18, 2010, we denied the government's motion to dismiss the
appeal based on the appeal waiver because we could not determine from the
record that Mr. Balbin-Mesa's appeal waiver was knowing and voluntary.

§ 3742(a)(1)." *Id.* We "defer[] to the district court under the 'familiar abuse-of-discretion standard of review.'" *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

"'Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence.'" *United States v. Steele*, 603 F.3d 803, 807-08 (10th Cir. 2010) (quoting *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008)). "In [*Gall*], the Supreme Court identified failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence as forms of procedural error." *Id.* at 808 (internal quotation marks omitted). "On the other hand, a challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* (brackets omitted) (internal quotation marks omitted). "To determine the substantive reasonableness of a sentence, we look at the totality of the circumstances." *United States v. Lewis*, 625 F.3d 1224, 1233 (10th Cir.), *cert. denied*, 131 S. Ct. 1790 (2011).

Mr. Balbin-Mesa does not specify whether he intends to raise a procedural

or a substantive challenge to his sentence.[3]  Where the appellant "does not specify whether [he] challenges the procedural or substantive component of [his] sentence[,]" we will assess his briefs and determine the nature of his arguments. *See Smart*, 518 F.3d at 803.

We read Mr. Balbin-Mesa's briefs to challenge only the substantive reasonableness of his sentence.  He does not dispute that the advisory guideline range was properly calculated.  Rather, he frames his issue this way:  "Whether the sentence imposed by the District Court was reasonable based on the statutory sentencing factors set forth in 18 U.S.C. §3553(a)."  Aplt. Opening Br. at 1.  He then argues that the district court erred by failing to "discuss any of the factors set forth in 18 U.S.C. §3553[,]" except for deterrence, *id.* at 8, and that the district court failed to show that it was "'mindful of the factors that Congress has instructed it to consider[,]'" *id.* at 9 (quoting *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241-42 (10th Cir. 2005)).  He makes clear that he wants "the shortest possible sentence, so that he can return to his native Colombia[.]"  *Id.* at 11.  And he clarifies in his reply brief that his argument is that "based upon **all** of the facts and circumstances surrounding this case, the District Court's sentence

---

[3]     Mr. Balbin-Mesa states a standard of review for the denial of a motion for substitute counsel.  Aplt. Opening Br. at 8.  He did not set out the procedural history of the denial of a motion for substitute counsel, however, and he has not made any argument related to such a motion.  In the absence of an argument supported by authority, we deem the issue waived. *United States v. Wilfong*, 551 F.3d 1182, 1188 (10th Cir. 2008).

was unreasonable under 18 U.S.C. § 3553(a)." Aplt. Reply Br. at 1. These statements, taken together, dovetail with the "totality of the circumstances" standard for reviewing a sentence for substantive reasonableness. In addition, the government characterized Mr. Balbin-Mesa's argument as substantive in nature, *see* Aplee. Br. at 1, 5, and he did not dispute this characterization in his reply brief. We therefore construe Mr. Balbin-Mesa's arguments to challenge only the substantive reasonableness of the district court's below-guideline, twenty-eight month sentence.

### III. Discussion

"When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Alvarez-Bernabe*, 626 F.3d at 1167 (internal quotation marks omitted) (brackets omitted).

Mr. Balbin-Mesa argues that the district court's below-guideline, twenty-eight month sentence was unreasonable because the court made only a passing reference to a single sentencing factor, deterrence, to the exclusion of other sentencing factors listed in 18 U.S.C. § 3553(a). This argument is without merit because the authorities upon which Mr. Balbin-Mesa relies do not support his argument under the circumstances of this case. His argument suggests that the

district court relied on general deterrence and not on individual deterrence. Our review of his sentence shows that Mr. Balbin-Mesa's argument is factually incorrect.

Mr. Balbin-Mesa's citation to the Third Circuit's decision in *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009), is also inapposite. In *Olhovsky*, the Third Circuit reversed because "the record strongly suggest[ed] that some of the statutorily prescribed sentencing factors were ignored[.]" *Id.* at 547. The court explained that "it [was] not at all apparent that the court actually considered the lengthy, very specific and highly positive reports of any of the three defense experts. Rather, the court focused on incapacitation, deterrence and punishment to the exclusion of other sentencing factors." *Id.* Mr. Balbin-Mesa has not shown that the district court failed to consider any evidence in this factually simple case, or that *Olhovsky* has any application to his sentencing.

Mr. Balbin-Mesa briefly provides his own assessment of the statutory sentencing factors, making an oblique argument (unsupported by case authority), that the district court should have varied more than it did. Aplt. Opening Br. at 9-11. This argument is insufficient to show reversible error. In this circuit, "[a] sentence imposed within the properly calculated advisory guideline range is entitled to a rebuttable presumption of reasonableness" on appeal.

*Alvarez-Bernabe*, 626 F.3d at 1165.[4]  The Seventh Circuit has stated the logical and unremarkable proposition that "a below-guideline sentence is also presumptively reasonable against an attack by a defendant claiming that the sentence is too high."  *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)).  We agree with and join the Seventh Circuit in extending the rebuttable presumption of reasonableness to a below-guideline sentence challenged by the defendant as unreasonably harsh.  Mr. Balbin-Mesa's cursory review of the sentencing factors fails to rebut the presumption that his below-guideline sentence is reasonable.

AFFIRMED.

---

[4]  "[A]s this Court has employed it, the presumption of reasonableness is a commonsense reflection of the respective roles of district court, appellate court, and Sentencing Commission in the determination of the appropriate punishment in a particular case."  *United States v. Angel-Guzman*, 506 F.3d 1007, 1014 (10th Cir. 2007).