FILED
United States Court of Appeals
Tenth Circuit

February 28, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARCUS SLETTEN,

Defendant–Appellant.

No. 11-1252

(D.C. No. 1:10-CR-00225-JLK-1)

(D. Colorado)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining Defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Marcus Sletten appeals the substantive reasonableness of his sentence. Defendant pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court calculated an offense level of thirty-three and a criminal history category II, which translated to a Sentencing Guidelines recommendation of 151-188 months. Since the maximum prison term under § 2252A(a)(5)(B) is ten years,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant's guideline sentence was 120 months under U.S.S.G. § 5G1.1(a). Defendant filed a motion requesting a below-guideline sentence of 60 months. The district court sentenced Defendant to 100 months. Defendant appeals.

We review the reasonableness of sentencing decisions, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotation marks and citation omitted). Defendant does not challenge the procedural reasonableness of his sentence in this appeal—only the substantive reasonableness. Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotation marks omitted). Because the 100-month sentence is a below-guidelines sentence, we accord it a presumption of reasonableness in reviewing Defendant's claim that it is too harsh. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011).

Defendant argues the length of his sentence is unreasonable under 18 U.S.C. § 3553(a). Defendant emphasizes he was charged with merely possessing child pornography—not with producing it. In light of his abusive childhood and his need for correctional treatment, he argues that a 100-month sentence is more than reasonably

necessary to promote respect for the law, provide just punishment, and deter future crime. *See* 18 U.S.C. § 3553(a).

Defendant made these arguments before the district court. The district court also heard the following: (1) Defendant possessed over 2,200 images of child pornography on his computers[1]; (2) Defendant had been sharing child pornography online for at least two years; (3) Defendant's online account made over seventeen gigabytes—over 20,000 files—of child pornography available for others to download; (4) Defendant had engaged in online chats promoting the sexual abuse of children; and (5) Defendant had bragged about sexual relations with a thirteen-year-old boy and had expressed his desire to be sexually active with children. In light of all of the circumstances of this case, Defendant has not persuaded us his sentence is arbitrary, capricious, or in any way unreasonable.

Accordingly, we **AFFIRM** Defendant's conviction and sentence.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge

---

[1] We see no need to describe in detail these reprehensible images of pre-pubescent and adolescent children.