FILED
United States Court of Appeals
Tenth Circuit

June 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

CHITO LOPEZ-PEREZ, a/k/a Chito
Lopez, a/k/a Jose Ines Lopez-Perez, a/k/a
Jose Lopez-Perez, a/k/a Ines Lopez-Perez,
a/k/a Jose Juan Garcia-Lopez,

      Defendant–Appellant.

No. 11-5169
(D.C. No. 4:11-CR-00148-CVE-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Chito Lopez-Perez appeals following his guilty plea to illegal reentry in violation

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

of 8 U.S.C. § 1326(a) and (b)(1). His counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

Lopez-Perez pled guilty to one count of illegal reentry pursuant to a written plea agreement. Following a proper plea colloquy, the district court accepted his guilty plea. A presentence investigation report calculated a total offense level of 10 and a criminal history category of II, which resulted in an advisory Guidelines range of 8-14 months' imprisonment. However, the district court granted Lopez-Perez's motion for a downward variance and sentenced him to 6 months. After judgment was entered, Lopez-Perez filed a timely notice of appeal.

If an attorney concludes that any appeal would be frivolous after conscientiously examining the case, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit a brief highlighting any potentially appealable issues and submit the brief to the defendant. Id. The defendant may then submit a pro se brief. If the court determines that the appeal is in fact frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id. In this case, counsel sent a copy of the Anders brief to Lopez-Perez, but Lopez-Perez has not filed a pro se brief.

Counsel's Anders brief discusses the substantive reasonableness of Lopez-Perez's

sentence. We review whether a sentence is substantively reasonable under an abuse of discretion standard. See United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). A below-Guidelines sentence is entitled to a "rebuttable presumption of reasonableness." United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). Nothing in the record suggests that the district court abused its discretion in imposing a sentence below Lopez-Perez's Guidelines range. Nor have we uncovered any potentially meritorious issues in our independent review of the record.

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge


-3-