**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JEFFREY SCOTT TAYLOR,

  Defendant - Appellant.

Nos. 14-1285 & 14-1286
(D.C. Nos. 1:13-CR-00400-JLK-1 &
1:03-CR-00288-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

This court reviews a district court's substantive sentencing judgment under

the abuse of discretion standard. And we deem that standard presumptively

satisfied where the district court's sentence falls below or within the correctly

calculated advisory guidelines range. *See, e.g.*, *United States v. Balbin-Mesa*, 643

_____

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

F.3d 783, 788 (10th Cir. 2011). Jeffrey Taylor suggests he can overcome that presumption in this case, but we do not see how.

While on supervised release after his conviction for being a felon in possession of a firearm, Mr. Taylor was caught with a loaded pistol. For this second gun conviction, the district court sentenced Mr. Taylor to 80 months in prison, near the bottom of the guidelines range. The court also sentenced Mr. Taylor to 12 months for violating the conditions of his supervised release, below the bottom of the guidelines range. As justification for its sentences, the court emphasized several considerations, including these:

Mr. Taylor brought a gun to an ongoing dispute;

He did not immediately respond to police requests that he lay the weapon down; and

He has a record of recidivism and recklessness with guns.

Mr. Taylor contends the district court erred by resting its sentences on a different ground, the Bureau of Prisons's classification system for prisoners. But it's clear from the record before us that the court did no such thing. In responding to a comment by defense counsel complaining about the Bureau's classification of Mr. Taylor, the court simply explained its belief that the Bureau's judgment seemed appropriate given his conduct. This aside was no more than that. In determining the appropriate sentences the court relied not on the Bureau's prisoner classification system but on Mr. Taylor's crime, his history,

and the need to protect the public, appropriate considerations all under existing

law.  The judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge