FILED
United States Court of Appeals
Tenth Circuit

November 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VICTOR HUGO HERNANDEZ-
GARCIA, a/k/a Victor Hugo Hernandez,
a/k/a Victor Hugo Hernandez-Garcia,

      Defendant - Appellant.

No. 14-5072
(D.C. No. 4:14-CR-00013-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Victor Hugo Hernandez-Garcia pled guilty to illegal reentry in violation of 8

U.S.C. § 1326(a).  Because Mr. Hernandez-Garcia's prior convictions included

aggravated felonies, he was subject to a statutory maximum sentence of 20 years under 8

U.S.C. § 1326(b)(2).  The United States Probation Office prepared a Presentence

Investigation Report ("PSR") that computed a total offense level of 21 and a criminal

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

history category of IV, resulting in a United States Sentencing Guidelines ("Guidelines") range of 57 to 71 months of imprisonment. The district court sentenced Mr. Hernandez-Garcia to 30 months in prison and one year of supervised release after varying downward to a total offense level of 15 and a Guidelines range of 30 to 37 months. Mr. Hernandez-Garcia appeals his sentence on the ground the variance should have been greater and only a 10-month sentence should have been imposed. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §3742(a), we affirm the district court.

## I. STANDARD OF REVIEW AND LEGAL BACKGROUND

In imposing a sentence, a court "shall consider" the factors in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," and "the need for the sentence imposed to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Mr. Hernandez-Garcia does not challenge the procedural reasonableness of his sentence. *See* Aplt. Br. at 2 & n.1. We therefore consider only substantive reasonableness. "A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence." *United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011). A district court "need not necessarily provide extraordinary facts to justify any statutorily permissible sentencing variance." *United*

*States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008) (quotations omitted). Though it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

We review the reasonableness of sentencing decisions, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Id.* at 41; *see also Smart*, 518 F.3d at 806. A court abuses its discretion when it "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotations omitted). Sentences below the Guidelines range are presumptively reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011).

## II. **DISCUSSION**

We affirm the district court because it did not abuse its discretion in sentencing Mr. Hernandez-Garcia to 30 months in prison. Mr. Hernandez-Garcia has not overcome the presumption that his sentence was reasonable.

The district court considered the parties' arguments before imposing its sentence. The court reviewed Mr. Hernandez-Garcia's motion for variance, which argued a 10-month sentence would address any danger to the public, avoid sentencing disparities, deter the conduct at issue, promote respect for the law, and adequately reflect the seriousness of the offense. Both parties made oral arguments regarding several § 3553(a) factors. The district court also heard from Mr. Hernandez-Garcia himself, who explained he had emigrated from a Mexican city where there is "a lot of violence and people are

killed way too often." ROA at 73. He said he came to the United States to "work honorably" to take care of his ill parents. *Id.* He asked for forgiveness, but acknowledged that he deserved to be punished.

In imposing a 30-month sentence, the district court agreed with Mr. Hernandez-Garcia that the PSR-recommended prison term would be too long and that a variance downward would be appropriate.[1]

The district court considered the Guidelines and "all of the factors set forth in" § 3553(a), including "the nature of the offense," "the criminal history and personal characteristics of Mr. Hernandez," and "sentencing disparities." *Id.* at 77. Specifically, the district court considered that Mr. Hernandez-Garcia had illegally reentered the United States after having been removed on two occasions. It noted Mr. Hernandez-Garcia had a history of violent criminal conduct and would likely be deported after imprisonment. But it also considered the fact he was married and had two children, and considered his argument that a Guidelines sentence would be "greater than necessary to satisfy the purposes of sentencing and would result in an unreasonable sentencing disparity between himself and other similarly situated defendants." *Id.* at 76. The district court concluded "a sentence of imprisonment at the low end of the variance guideline range will serve as an adequate deterrent to this defendant and to others as well as protect the public." *Id.* at 77.

The record demonstrates the district court did not abuse its discretion in imposing

---

[1] In fact, the 30 months the court imposed was only slightly more than the "year or two" that Mr. Hernandez-Garcia argued would be fair. ROA at 73.

its sentence.  It considered the parties' arguments and the § 3553(a) factors.  The court adequately explained the chosen sentence, weighing Mr. Hernandez-Garcia's criminal history and repeated entries into the United States against his familial responsibilities and the unsafe conditions in his home town.

Mr. Hernandez-Garcia's arguments on appeal are unavailing.  He argues the district court did not give sufficient weight to the circumstances that brought him to the United States.  However, we "may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo."  *Smart*, 518 F.3d at 808.  Rather, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall*, 552 U.S. at 51.  Further, a district court is not required to vary in the first instance.  *United States v. Sells*, 541 F.3d 1227, 1238 (10th Cir. 2008) (noting that while a variance based on age is permissible, a district court is not compelled to vary).

### III.    **CONCLUSION**

For the foregoing reasons, we affirm the district court.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-5-