**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DIANE MARIE SINK,

    Defendant - Appellant.

No. 18-8092
(D.C. No. 1:18-CR-00037-NDF-2)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Diane Sink appeals after pleading guilty to making false statements in relation

to health care.  Her counsel moves for leave to withdraw in a brief filed pursuant to

Anders v. California, 386 U.S. 738 (1967).  Exercising jurisdiction under 28 U.S.C.

§ 1291, we dismiss the appeal and grant counsel's motion to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Sink pled guilty to making false statements in relation to health care, pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) capping her prison sentence at 37 months. A Presentence Investigation Report recommended a Guidelines range of 46-57 months' imprisonment based on a total offense level of 23 and a criminal history category of I. Consistent with the plea agreement, Sink received a sentence of 37 months' incarceration, three years of supervised release, and $6,247,914.43 in restitution.

## II

If an attorney concludes after conscientiously examining a case that any appeal would be frivolous, he may so advise the court and request permission to withdraw. See Anders, 386 U.S. at 744. In conjunction with such a request, counsel must submit a brief highlighting any potentially appealable issues and provide a copy to the defendant. Id. The defendant may then submit a pro se brief. Id. If the court determines that the appeal is frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id. In this case, defense counsel provided a copy of his Anders brief to Sink, but she did not file a pro se brief.

Counsel's Anders brief addresses the reasonableness of Sink's sentence. Because counsel does not distinguish between procedural or substantive reasonableness, we analyze both. "We review sentences under an abuse of discretion standard for procedural and substantive reasonableness." United States v.

2

Washington, 634 F.3d 1180, 1184 (10th Cir. 2011). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215 (quotation omitted). We extend a "rebuttable presumption of reasonableness to a below-guideline sentence." United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011).

We agree with counsel that there is nothing in the record rebutting the presumption that Sink's sentence was reasonable. In imposing the 37-month term of imprisonment, the district court considered the § 3553(a) factors and discussed at length the two grounds for a variance presented by Sink: the nature and circumstances of the offense, and her history and characteristics. Moreover, Sink's sentence is nine months shorter than the lowest sentence provided in the applicable Guidelines range, and it is within the range to which she agreed in her plea agreement. We conclude the district court did not abuse its discretion in sentencing Sink.

## III

For the foregoing reasons, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge