**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY BLAKE VANOVER, also
known as Jeffery Blake Vanover,

    Defendant - Appellant.

No. 19-2168
(D.C. No. 5:18-CV-00537-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we

grant the parties' requests and order the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Jeffrey Vanover pleaded guilty to a single count of being a prohibited person in possession of an explosive, in violation of 18 U.S.C. § 842(i). The district court sentenced Vanover to an eighteen-month term of imprisonment, a term well below the bottom of the advisory Sentencing Guidelines range of thirty to thirty-seven months' imprisonment. Vanover appeals, asserting his sentence is both procedurally and substantively unreasonable. This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **affirms** the sentence imposed by the district court.

Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents received information Vanover was storing numerous explosive devices, possibly pipe bombs, at a residence. The source indicated Vanover previously attempted to sell the devices. Vanover displayed one of the devices while he was carrying it on his person and the source observed a box containing multiple explosives at Vanover's residence. Based on this information, agents conducted a warrant-based search of Vanover's residence and found twenty-nine Gearhart-Owens ("GOEX") three-and-one-half-inch explosive oil well perforators/chargers. Each device contained twenty-three grams of explosives. Vanover agreed to speak with investigators; he explained he found the devices approximately six months earlier while cleaning out the residence of a friend after his death. The friend worked in the oil fields as a driller. Vanover took the explosive devices and attempted to

-2-

sell them. He denied actually selling any of the devices and indicated he had the devices in his possession for several months.

A records check revealed Vanover had several prior convictions, including two sets of felony convictions for distributing methamphetamine and a felony conviction for commercial burglary. In addition, Vanover, a man in his fifties, is a long-time drug abuser. He began using methamphetamine at age twenty-two and consumed it daily until his arrest. In February 2018, a grand jury indicted Vanover for being a prohibited person in possession of explosives, in violation of § 842(i), because he was both an unlawful user of a controlled substance and a convicted felon.

In April 2018, Vanover was arrested and placed in federal custody. Shortly thereafter, he was released on bond. Vanover received substance abuse treatment, but experienced several relapses. On September 12, 2018, he admitted consuming methamphetamine. The district court was notified, but took no action so Vanover could continue ongoing substance abuse treatment. On September 26, Vanover's urine sample tested positive for methamphetamine; on October 6, Vanover failed to appear for a random drug test. In response, the district court ordered Vanover to attend a thirty-day inpatient drug treatment and counseling program. Vanover pleaded guilty to the § 842(i) charge on October 10. Vanover successfully completed the inpatient program on November 9 and was released.

After entry of his guilty plea but before his sentencing, Vanover continued attending substance abuse treatment as a condition of his release. Nevertheless, he again admitted he consumed methamphetamine on March 30, 2019. All subsequent drug tests, however, were negative. Pretrial services indicated, just prior to the sentencing hearing, that Vanover had "done well overall on bond conditions." In addition to completing inpatient treatment, Vanover completed group counseling and continued to participate in "co-occurring individual counseling." He also participated in weekly Alcoholics Anonymous and Narcotics Anonymous meetings and maintained employment.

Vanover underwent both physical and mental health assessments. As relevant to this appeal Vanover was diagnosed with severe stimulant use disorder (methamphetamine). Vanover also reported he is borderline diabetic and suffers from migraines, but does not take medication for either problem. As a teenager, Vanover was in a dirt bike accident that required surgery and the insertion of several pins in his ankle. Vanover's mother verified he suffers from migraines and further indicated he has hypokalemia (low potassium).

The United States Probation Office prepared a presentence investigation report ("PSR"). The PSR determined that Vanover had a total offense level of seventeen, U.S.S.G. § 2K1.3, and a criminal history category of III. This yielded an advisory guideline range of thirty to thirty-seven months' imprisonment.

Detailed in the PSR was a criminal history spanning thirty years. In 1991, he was convicted of commercial burglary and criminal damage to property. While his sentence was initially deferred and he was placed on probation, his probation was revoked. He was ultimately sentenced to a total of twenty-four months in custody. Vanover was convicted of two counts of distribution of methamphetamine in 1995. He was sentenced to four years in custody, all of which was suspended in favor of a four-year term of probation. Vanover's probation was, however, revoked after he was found to have illegally used marijuana and consumed alcohol. Vanover was then ordered to serve his original four-year sentence, enhanced by one year, for a total term of five years in custody. In 2004, Vanover was likewise convicted of two counts of distribution of methamphetamine; he was sentenced to four years in custody, all of which was suspended except for one year and ninety days. Vanover completed the balance of the sentence on supervised probation, which he completed in an "unsatisfactory" fashion. In addition to these felony convictions, Vanover has a 1984 conviction for driving while intoxicated and a 2014 conviction for driving while under the influence of drugs and doing so without a driver's license. As was true of the other probationary sentence discussed above, Vanover was unable to successfully complete the term of probation imposed following his 2014 conviction. Instead, his probation was revoked in December 2017, and he was

sentenced to thirty-nine days in custody and placed back on supervised probation for two years.

Prior to sentencing, Vanover submitted a sentencing memorandum. As relevant to the issues on appeal, Vanover asked the district court to vary downward dramatically from the bottom of the advisory guidelines range to a sentence of twelve months probation. In support of this request, Vanover argued as follows: (1) he was less likely to recidivate because of his advanced age (fifty-four years at the time of sentencing); (2) his poor health (borderline diabetes, hypokalemia, migraine headaches, and residual effects of a severe ankle injury) would make him a costly burden to the Bureau of Prisons and render him vulnerable to abuse in the general prison population; and (3) his successful ongoing efforts to overcome his addiction minimized the need to protect the public from his future criminal acts. In its response to Vanover's sentencing memorandum, the United States opposed Vanover's request for a downward variance. The United States argued as follows: (1) Vanover's assertion his age made it less likely he would recidivate was unconvincing given his lengthy criminal history and his commission of the instant offense within the prior two years; (2) Vanover failed to demonstrate he could not be adequately cared for in a federal medical center run by the Bureau of Prisons and his assertion his physical condition would render him vulnerable in the general population was speculative;

and (3) Vanover's history of persistently returning to drug use while on probation, especially when coupled with his drug use while on pre-trial supervision, made him an especially poor candidate for a probationary sentence.

Vanover appeared for sentencing on October 1, 2019. The district court began the hearing by specifically noting it had read Vanover's sentencing memorandum and the government's response thereto. Vanover's counsel then argued at length in support of "a big variance" that would result in "an alternative to incarceration." Counsel argued Vanover's criminal history flowed from his long-standing drug addiction and that, while on pre-trial supervision, Vanover had excelled at addiction recovery. Counsel further noted Vanover had maintained gainful employment; remains close to, and helps, his family; and attends church regularly. The government responded by noting the dangerous nature of the crime of conviction and reiterated the views set out in its response to Vanover's sentencing memorandum.

After Vanover spoke on his behalf, the district court pronounced sentence. The district court began by praising at length Vanover's efforts to overcome his addiction. In so doing, the district court acknowledged Vanover was fifty-four years old and had been using methamphetamine for approximately thirty years. The district court further acknowledged Vanover had some health issues, but

found it "something of a miracle" his health was as good as it was after thirty

years of using methamphetamine. The district court then concluded as follows:

> So . . . [defense counsel] has presented a thoughtful sentencing
> memo and he's made a presentation this morning that's consistent
> with that. And just to be finally getting to the point, you, not in any
> sense that I typically consider, are a candidate for probation. You
> aren't. You've got lots of history. If you—given the history, if you
> had been released and clean the entire time . . . , that's one
> presentation. But that isn't this one. This is you got a [pre-trial]
> release that I wouldn't have thought you deserved and, in the
> meantime, there have been additional problems. And I'm not
> condemning you for that. A habit—you don't just walk away from
> meth. I understand that. And I'm proud of what you've done in the
> meantime. And I'm sorry for the occasional relapse. But if I were to
> grant probation, we all have to deal with the reality. We all have to
> accept the reality that, given your history and your most recent
> experience, you'd be back in front of me at some point soon on a
> violation. And I don't want that for you.
>
> So I am going to—I'm not going to be able to grant probation,
> as [defense counsel] has asked, but given—on paper, as I said as we
> began this morning, this case looks extraordinarily dangerous. I
> mean, I wouldn't have been surprised if Mr. Vanover had been a
> terrorist. I mean, he's got explosive devices, a lot of them, and he's
> trying to sell them. And Mr. Vanover is not a terrorist. He just
> stumbled on something that happened to have been dangerous and
> was a drug addict and tried to sell it. As I think [the prosecutor]
> said, I don't think there's any maliciousness here, I don't think he
> intended harm, but the fact remains he's a felon in the possession of
> something that was dangerous. And that, coupled with the fact of the
> addiction, that's just a toxic recipe. It could certainly have ended
> differently than it did. And I'm glad that they were discovered and
> taken out of circulation and handled responsibly.
>
> So I'm going to impose sentence. I don't think 30 months is
> necessary. And we all know that's my job at this point, to impose a
> sentence that's sufficient, but not greater than necessary to achieve
> the goals of sentencing. . . . And so I am going to vary and—but

we'll begin with the Offense Level at 17, Criminal History Category III; the range is 30 to 37 months.

Mr. Vanover, a convicted felon with at least one prior controlled substance conviction, possessed explosives.

As to the Indictment, the defendant, Jeffrey Blake Vanover, is committed to the custody of the Bureau of Prisons for a term of 18 months. I'm going to place him on supervised release for a term of three years. . . .

After the district court announced its sentence, defense counsel objected that because Vanover was now clean and sober, it was not clear what a prison term would accomplish. The district court responded as follows:

There are a lot of different sentencing factors, a lot of different sentencing goals, and not all of them relate to the well-being of the defendant. You know that and so do I. I've been doing this a long time, too. And probation is an extraordinary remedy in this system. It's given about three percent of the time. And when it's given, it's to people that don't have histories and don't have other markers against them.

There's also the concern about the dangerousness to the public, but more than that, in this instance, the punishment has to fit the crime. And I struggle with every one of these . . . .

Vanover appeals, asserting the sentence imposed by the district court is unreasonable. "After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *Id.* (quotation omitted).

Review of procedural reasonableness "asks whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Importantly, when the district court imposes a sentence within the guideline range, it need not specifically address and reject each one of a defendant's arguments for leniency as long as it "somehow indicate[s] that [it] did not rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the [18 U.S.C. § 3553(a)] statutory factors." *United States v. Wireman*, 849 F.3d 956, 963 (10th Cir. 2017) (quotation omitted).

"Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Friedman*, 554 F.3d at 1307 (quotation omitted). This court reviews the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). A sentence is substantively unreasonable only if the district court "exceeded the bounds of permissible choice, given the facts and the applicable

law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). That is, "[a] district court abuses [its] discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (quotation omitted).

> [G]iven the district court's institutional advantage over [this court's] ability to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) (given that the sentencing judge, for example, sees and hears the evidence, makes credibility determinations, and actually crafts Guidelines sentences day after day), we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors.

*Id.* Where, as here, the district court's sentence is below the bottom of the properly calculated guideline range, there is a presumption of reasonableness. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). This presumption can be rebutted if the defendant shows the sentence imposed is unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a). *Id.*

Vanover contends the district court erred by not considering his age and physical condition and by placing too much emphasis on his relapses during his substance abuse recovery process. Vanover does not identify whether these arguments are procedural or substantive. This court has recognized, however, that such arguments "blur the line" between "the procedural error of failing actually to consider all the relevant factors, and the substantive error of imposing

-11-

a sentence that does not fairly reflect those factors." *United States v. Lopez-Macias*, 661 F.3d 485, 489 n.3 (10th Cir. 2011) (quotation omitted).  Given that Vanover makes a specific challenge to the substantive reasonableness of his sentence, this court will treat these arguments as procedural in nature.

The suggestion the district court disregarded Vanover's age, health, and efforts to overcome drug addiction is meritless.  The district court specifically stated at the beginning of the sentencing hearing that it had considered the parties' submissions as to sentencing.  As noted above, Vanover's sentencing memorandum was focused exclusively on his age, health, and efforts to overcome methamphetamine addiction.  After hearing from the parties, including Vanover himself, at the sentencing hearing as to these very issues, the district court began its imposition of sentence by expressly recognizing Vanover's age and physical condition.  R. Vol. 3 at 22 ("You're 54 years old."); *id.* at 23 ("[T]he fact that you're standing there today as healthy as you are, I know there are some health issues, but as healthy as you are, is something of a miracle.").  The district court then discussed at length, in often laudatory terms, Vanover's efforts to overcome methamphetamine addiction.  Then, given all this, the district court varied downward forty percent from the bottom of the advisory guidelines range of thirty months and imposed an eighteen-month term of imprisonment.  In light of the

record, the notion the district court did not consider these issues is not remotely credible.

Vanover's challenge to the substantive reasonableness of his downward-variant sentence is similarly unpersuasive. The district court's refusal to vary even further downward to a sentence of probation is not remotely unreasonable. As noted by the district court, Vanover has an established history of failing probation because of his drug addiction. Furthermore, during his pre-trial supervision, even while undergoing treatment, he abused methamphetamine on several occasions. Thus, it was reasonable for the district court to conclude that an immediate probationary sentence would most likely result in failure. Furthermore, although Vanover did ultimately complete drug rehabilitation, it was not clear error for the district court to conclude Vanover was likely to reoffend if placed on probation without an intermediate term of incarceration. The district court's determination that this likelihood, especially when coupled with the extreme dangerousness of Vanover's possession of a large number of explosive devices he attempted to sell, mandated a term of incarceration. Although Vanover does not like the balance of the § 3553(a) factors struck by the district court, he has not come close to carrying his burden of rebutting the presumption of reasonableness that attaches to the district court's below-guidelines sentence.

For those reasons set out above, the sentence imposed by the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge