**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JADE CHRISTIAN NICHOLS,

    Defendant - Appellant.

No. 20-6198
(D.C. No. 5:20-CR-00006-F-1)
(W.D. Okla.)

_____

**ORDER**

_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

Appellant's *Motion to Reissue the Judgment* is GRANTED. The Order and

Judgment issued December 14, 2021 is VACATED. The Clerk shall reissue the Order

and Judgment in its original form as of today's date.


Entered for the Court,


CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JADE CHRISTIAN NICHOLS,

    Defendant - Appellant.

No. 20-6198
(D.C. No. 5:20-CR-00006-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

A jury convicted Jade Nichols of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g), and the district court sentenced him to 120 months' imprisonment. Nichols appeals, arguing the evidence was insufficient to convict him and the court's sentence was substantively and procedurally unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In late October 2019, Nichols confronted two of his sisters at a drive-up fried chicken restaurant in El Reno, Oklahoma called Tooters.  Bobby Stevenson, a customer at the restaurant, witnessed the confrontation, during which he saw Nichols pull out a small .22 caliber pistol.  Stevenson testified he saw Nichols leave on a blue bicycle after hearing sirens.  J.N., Nichols's minor sister, was working at Tooters at the time.  She testified Nichols came into the restaurant wearing a backpack, which he carried to her older sister's car outside the restaurant and placed on the trunk.  She also testified she saw Nichols pull out a gun, which scared her, so she ran back into the restaurant storage area and cried.

Police arrived at Tooters and investigated.  They searched the backpack Nichols left on his sister's car and found ammunition inside.  They eventually found Nichols walking through a nearby neighborhood.  Nichols admitted being at Tooters but denied having a firearm.  Using a search dog, officers found a .22 caliber pistol next to a fence abutting a public alleyway near where they found Nichols.  They also found a clean hat that looked as though it had not been outside for very long.  J.N. and her sister told police Nichols was wearing a hat during the encounter.

At trial, the government presented evidence from J.N., Stevenson, and several investigating officers.  A jury convicted Nichols of illegal possession of a firearm and ammunition by a felon.

The probation office prepared a presentence investigation report (PSR).  It noted Nichols's criminal history included two prior Oklahoma felony convictions for

2

Unlawful Possession of a Controlled Dangerous Substance with Intent to Distribute, in violation of Okla. Stat. tit. 63, § 2-401(A)(1). Applying U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(a)(2) (U.S. Sent'g Comm'n 2018), the PSR determined Nichols's base offense level should be increased to 24 because he had two prior state drug convictions that were controlled substance offenses under U.S.S.G. § 4B1.2.[1] The PSR also applied a four-level enhancement, per U.S.S.G. 2K2.1(b)(6)(B), because the crime involved the felonious pointing of the pistol at J.N. in violation of Oklahoma law. The PSR therefore calculated the total offense level as 28.

Based on Nichols's criminal history category of IV, the advisory guideline range was 140 to 175 months. But because the statutory maximum term of imprisonment was 10 years, *see* 18 U.S.C. §924(a)(2), the guideline term of imprisonment was 120 months, *see* U.S.S.G § 5G1.1(a). Overruling Nichols's objections to the PSR, the court sentenced him to 120 months' imprisonment.

## DISCUSSION

Nichols raises three arguments on appeal. First, he argues the evidence was insufficient to support his conviction. Second, he argues his sentence was procedurally unreasonable, specifically challenging the treatment of his prior state drug offenses as controlled substance offenses under U.S.S.G. § 4B1.2 so as to enhance his base offense level under U.S.S.G. § 2K2.1(a)(2) and the imposition of a

---

[1] Section 2K2.1(a)(2) provides for a base offense level of 24, "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence of a controlled substance offense."

3

four-level enhancement for use of a firearm in connection with a felony offense under U.S.S.G. § 2K2.1(b)(6)(B).  Third, he argues his sentence was substantively unreasonable.  We consider each argument in turn.

### 1.  Sufficiency of the Evidence

"We review legal sufficiency of evidence de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence in favor of the verdict."  *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir. 2021).  "Acquittal for insufficient evidence is proper only when no reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Wagner*, 951 F.3d 1232, 1256 (10th Cir. 2020) (internal quotation marks omitted).  To secure a conviction under 18 U.S.C. § 922(g), the United States bore the burden to prove, inter alia, that Nichols "knowingly possessed the firearm as charged in the Indictment or knowingly possessed ammunition as charged in the Indictment."  R. Vol. 1 at 130; *see also United States v. Taylor*, 113 F.3d 1136, 1144 (10th Cir. 1997).

In arguing the evidence was insufficient to support his conviction, Nichols focuses on the moment law enforcement first contacted him, when he was not carrying a firearm, and the lack of forensic or DNA evidence linking him to the pistol police found near where they contacted him.  He also highlights the lack of testimony from other individuals at the scene, the lack of surveillance footage despite the presence of cameras at Tooters, and the lack of physical evidence in the backpack linking it to him.  But the evidence at trial included the eyewitness testimony of J.N.,

4

who stated Nichols "pulled out his gun," R. Vol. 4 at 38, and Stevenson, who stated

Nichols "pulled a small gun out" of his pocket, *id.* at 17.  Stevenson went on to

testify that the gun was small and black, and that based upon his personal knowledge

of firearms, looked like a .22 caliber.  This eyewitness testimony, construed in the

light most favorable to the government, sufficiently links Nichols to the small, black,

.22 caliber pistol police found a few blocks away from Tooters.  Likewise, J.N.

testified Nichols put his backpack on the trunk of his sister's car at Tooters, and

police testified they found both long and short .22 caliber ammunition in the

backpack.  The evidence was therefore also sufficient for a reasonable jury to find

beyond a reasonable doubt Nichols knowingly possessed ammunition as charged.

   *2. Procedural Reasonableness*

   "When a party challenges a sentence for procedural reasonableness, our

standard of review is ordinarily abuse of discretion, under which we review de novo

the district court's legal conclusions regarding the guidelines and review its factual

findings for clear error."  *United States v. Gantt*, 679 F.3d 1240, 1246

(10th  Cir. 2012).  "Factual findings can be found clearly erroneous if they have no

basis in the record, or if this court is left with the definite and firm conviction that a

mistake has been committed."  *United States v. Orozco*, 916 F.3d 919, 924

(10th Cir. 2019) (internal quotation marks and citations omitted).

   We first reject Nichols's argument that the definition of "controlled substance"

in U.S.S.G. § 4B1.2 is limited to the federal definition in the Controlled Substances

Act (CSA), and therefore his Oklahoma convictions did not qualify as predicate

5

offenses to enhance his base offense level under U.S.S.G. § 2K2.1(a)(2).  That argument is foreclosed by our recent decision in *United States v. Jones*, 15 F.4th 1288, 1291–92 (10th Cir. 2021).  In *Jones*, we held the reference to "controlled substances" in U.S.S.G. § 4B1.2 is not limited to federally controlled substances under the federal CSA, and, therefore, a prior conviction under Oklahoma law for possession of a controlled dangerous substance is an appropriate predicate for application of an enhanced base offense level.  *See id.*

We also reject Nichols's challenge to the district court's application of a four-level sentence enhancement.  The district court applied the enhancement because Nichols "used or possessed [the] firearm or ammunition in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B).  The court found the trial testimony established Nichols committed the crime of feloniously pointing a firearm in violation of Okla. Stat. tit. 21 § 1289.16, which makes it unlawful to point a firearm "at any person . . . for the purpose of threatening . . . or with any malice or for any purpose of injuring, either through physical injury or mental or emotional intimidation or for purposes of whimsy, humor or prank, or in anger or otherwise . . . ."  Specifically, the court found the trial testimony established by a preponderance of the evidence that Nichols pointed the gun at his sister.  The court made that finding considering all circumstances as they existed during the encounter, and interpreted J.N.'s testimony that she "saw the end of the gun that the bullets came out," in light of those circumstances, as sufficiently indicative "that [Nichols] did, in fact, point the weapon."  R. Vol. 3 at 30.

6

Nichols argues the district court's findings in this respect were clearly erroneous, pointing to different portions of J.N.'s testimony and Stevenson's testimony that Nichols "just showed [the gun] to us and kept arguing with us." *Id.* at 26. But, giving appropriate deference to the trial court's credibility findings, we cannot conclude it clearly erred in applying U.S.S.G. § 2K2.1(b)(6)(B). The district court's findings have record support in the testimony of J.N. and Stevenson.

### 3. *Substantive Reasonableness*

"We review the substantive reasonableness of a sentence for abuse of discretion." *Kaspereit*, 994 F.3d at 1207. Under this standard of review, "we will give substantial deference to the district court's determination and overturn a sentence as substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unjust." *Id.* "In this circuit, a sentence imposed within the properly calculated advisory guideline range is entitled to a rebuttable presumption of reasonableness on appeal." *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (internal quotation marks and alteration omitted).

When announcing Nichols's sentence, the district court remarked that his conduct was "toward the more serious end" of the types of conduct resulting in a § 922(g) violation. R, Vol. 3 at 44. In attacking the substantive reasonableness of his sentence, Nichols criticizes the district court's remark, pointing to the small caliber of the gun, the lack of a magazine, and the lack of physical injury in the incident. He further argues the district court placed too much weight on his assaultive conduct in jail, given its remark that it would not consider unadjudicated

7

conduct, and also reemphasizes his personal history and characteristics, including a difficult childhood. But these arguments are insufficient to rebut the presumption of reasonableness of the guidelines sentence in this case. The district court accounted for the factors Nichols highlights on appeal, considered the relevant factors under § 3553, and concluded the most compelling factor was the need for "incapacitation, for the protection of the public." *Id.* at 45. Nichols's arguments do not overcome the substantial deference we owe to that conclusion.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge