FILED
United States Court of Appeals
Tenth Circuit

November 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALVADOR GONZALEZ-
ALVARADO,

Defendant - Appellant.

No. 14-6092
(D.C. No. 5:14-CR-00014-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Salvador Gonzalez-Alvarado pled guilty to illegal reentry in violation of 8 U.S.C.

§ 1326(a) and was sentenced to 38 months in prison.  After filing a notice of appeal, his

counsel moved to withdraw and filed a brief based on *Anders v. California*, 386 U.S. 738

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1967), stating that after a diligent search of the record, he has found no issues that could support an appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and finding no meritorious grounds for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I.  BACKGROUND

In 1999, while illegally present in the United States, Mr. Gonzalez-Alvarado was convicted of possession of marijuana with intent to distribute, an aggravated felony. After serving 30 months in federal prison, he was removed to Mexico on May 11, 2001.

In 2006, Mr. Gonzales-Alvarado illegally reentered the United States. On March 25, 2010, he was arrested and charged in Oklahoma County District Court with two counts of possession with intent to distribute marijuana and cocaine. He was released on bond. On June 12, 2010, he was arrested again and charged with possession of a counterfeit document and minor traffic offenses in Oklahoma, and again was released on bond.

On August 17, 2011, Immigration and Customs Enforcement ("ICE") officers took Mr. Gonzalez-Alvarado into custody after it was determined he was in the United States illegally. During the process of removing Mr. Gonzalez-Alvarado to Mexico, the Oklahoma County District Court sent a last-minute writ to ICE preventing his removal. ICE returned Mr. Gonzalez-Alvarado to Oklahoma, where he pled guilty to his Oklahoma charges and was sentenced to seven years in prison. He remained in state prison until December 16, 2013, when he was released to ICE custody.

On January 8, 2014, a federal grand jury indicted Mr. Gonzalez-Alvarado with illegally reentering the United States in violation of 8 U.S.C. § 1326(a). Mr. Gonzalez-Alvarado pled guilty on February 5, 2014. The court accepted his plea and referred the matter to the United States Probation Office for preparation of a presentence report ("PSR").

The Probation Office calculated Mr. Gonzalez-Alvarado's United States Sentencing Guidelines ("Guidelines") range as 57 to 71 months based on a total offense level of 21 and a criminal history category of IV. Mr. Gonzalez-Alvarado did not object to the PSR, but he did move for downward departure or variance by asking the court to sentence him to "time served" based on the alleged unfairness in the timing of the state and federal prosecutions. He argued the delay in federal prosecution unfairly prejudiced him because, had he been prosecuted earlier, his criminal history category would have been II rather than IV. This would have resulted in a Guidelines range of 41 to 51 months. He further argued the delay foreclosed any possibility of his federal and state sentences running concurrently.

On April 10, 2014, the district court held a sentencing hearing. The court concluded that the timing of the federal prosecution "offend[ed] [its] sense of justice and fair play." ROA, Vol. III at 33. It refused to speculate as to whether the state court would have run Mr. Gonzalez-Alvarado's sentences concurrently had the federal illegal reentry charge been brought earlier. It noted "the [state] pleas that Mr. Gonzalez entered after being snatched back out of ICE custody have added to his criminal history level."

*Id.* at 34. Based on the foregoing, the court varied downward to 41 to 51 months. It then varied downward another three months to credit Mr. Gonzalez-Alvarado for the time he spent in ICE custody. As a result, the court imposed a below-Guidelines sentence of 38 months in prison.

Mr. Gonzalez-Alvarado filed a timely notice of appeal. His counsel, who represented him in the district court, then filed an *Anders* motion to withdraw. The Government notified the court it would not oppose the motion. Mr. Gonzalez-Alvarado was notified of his counsel's *Anders* motion, and he has not filed a response.

## II. **DISCUSSION**

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). In doing so, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* We must then independently examine the record to determine whether the defendant's claims are "wholly frivolous," and, if they are, we "may grant counsel's motion to withdraw and may dismiss the appeal." *Id.*

In his *Anders* brief, counsel identifies two potential issues he believes are meritless but that Mr. Gonzalez-Alvarado wishes to pursue: whether Mr. Gonzalez-Alvarado's sentence is procedurally and substantively reasonable. As explained below, we agree with counsel that those issues lack merit. Our independent review of the record reveals

no nonfrivolous appeal issues.

## A. *Procedural Reasonableness*

Because no procedural objections were made at the sentencing hearing, we would review the sentence's procedural reasonableness for plain error. *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). Our review of the record indicates Mr. Gonzalez-Alvarado's sentence was procedurally reasonable and any appeal would be wholly frivolous because the district court accurately calculated the advisory Guidelines range and adequately explained its reasons for imposing the sentence. The court considered the § 3553(a) factors and Mr. Gonzalez-Alvarado's request for a downward departure or variance, and did not base the sentence on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

## B. *Substantive Reasonableness*

We review the substantive reasonableness of Mr. Gonzalez-Alvarado's sentence for abuse of discretion, *Gall*, 552 U.S. at 51, assessing whether "the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors," *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2011). To establish substantive unreasonableness, Mr. Gonzalez-Alvarado would need to show his sentence "was arbitrary, capricious, whimsical, or manifestly unreasonable." *See United States v. Dunbar*, 718 F. 3d 1268, 1282 (10th Cir. 2013) (quotations omitted). He would also have to overcome the presumption that sentences within or below the Guidelines range are substantively reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788

(10th Cir. 2011).  Based on the district court's imposition of a below-Guidelines sentence and its stated reasons for imposing the 38-month sentence, we discern no viable argument to challenge the substantive reasonableness of Mr. Gonzalez-Alvarado's sentence.

*        *        *

Further, we have fully reviewed the record and find nothing to support a nonfrivolous ground for Mr. Gonzalez-Alvarado to appeal.

III.  <strong>CONCLUSION</strong>

We grant counsel's motion to withdraw and dismiss Mr. Gonzalez-Alvarado's appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge