**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FRANCISCO SAHAGUN-RAMIREZ,
a/k/a Chico,

     Defendant - Appellant.

No. 15-1080
(D.C. No. 1:13-CR-00046-PAB-002)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Francisco Sahagun-Ramirez appeals following his guilty plea to conspiracy to possess with intent to distribute methamphetamine.  His counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967).  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Sahagun-Ramirez was charged with numerous drug-related crimes in a multi-defendant indictment. Pursuant to a written plea agreement, he pled guilty to one count: conspiracy to possess with intent to distribute methamphetamine. Anticipating an advisory Guidelines range of 70 to 87 months, the government agreed to recommend a sentence of 38 to 48 months. However, the district court determined that the proper Guidelines range was 97 to 121 months, based on a total offense level of 29 and a criminal history category of II. The government maintained its sentencing recommendation from the plea agreement. The court imposed a sentence of 60 months' imprisonment. Sahagun-Ramirez timely appealed.

## II

If an attorney concludes that any appeal would be frivolous after conscientiously examining the case, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit a brief highlighting any potentially appealable issues and submit the brief to the defendant. Id. The defendant may then submit a pro se brief. Id. If the court determines that the appeal is in fact frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id.

Counsel's Anders brief first considers the procedural and substantive reasonableness of Sahagun-Ramirez's sentence. "We review sentences under an abuse of discretion standard for procedural and substantive reasonableness." United States v. Washington, 634 F.3d 1180, 1184 (10th Cir. 2011). "Procedural review

asks whether the sentencing court committed any error in calculating or explaining the sentence." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215 (quotation omitted). A below-Guidelines sentence is entitled to a "rebuttable presumption of reasonableness." United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). We agree with counsel that the district court correctly determined Sahagun-Ramirez's Guidelines range and properly explained his sentence by reference to the 18 U.S.C. § 3553(a) factors. And we see nothing in the record rebutting the presumption that Sahagun-Ramirez's below-Guidelines sentence was substantively reasonable.

The Anders brief also discusses whether Sahagun-Ramirez's plea was valid. To be valid, a guilty plea must be entered knowingly and voluntarily. See United States v. Jim, 786 F.3d 802, 806 (10th Cir. 2015). We agree with counsel that the record would not support a claim that Sahagun-Ramirez's plea was invalid. He pled guilty pursuant to a written plea agreement and did so only after acknowledging the consequences of his plea and its concomitant waiver of various rights. See id. at 812-13 (defendant's acknowledgment sufficient to show knowing and voluntary nature of plea).[1]

---

[1] Although Sahagun-Ramirez's plea agreement contains a waiver of appellate rights, the government has not moved to enforce that waiver. Because an appellate waiver does not limit our subject-matter jurisdiction, we proceed to consider the

In his pro se brief, Sahagun-Ramirez raises two issues. First, he contends that the district court erred in assessing two criminal history points for a prior misdemeanor illegal reentry offense. He cites U.S.S.G. § 4A1.2(c)(1), which provides a list of misdemeanor offenses that should not be considered in determining a defendant's criminal history category, including offenses "similar" to those listed. Id. None of the listed offenses, however, are similar to illegal reentry. See id. (listing, among other offenses, fish and game violations, hitchhiking, and vagrancy). Sahagun-Ramirez also states that this offense should not have been counted based on the plea agreement. However, the plea agreement makes clear that Guidelines determinations are committed to the court, and that the parties merely "believe[d]" that Sahagun-Ramirez would be in criminal history category I.

Second, Sahagun-Ramirez argues that the district court erred by failing to consider a downward departure under a "fast track" or "early disposition" program. See U.S.S.G. § 5K3.1. However, Sahagun-Ramirez has not shown that he would have been eligible for this program, and thus is not entitled to relief on this basis. See United States v. Lopez-Macias, 661 F.3d 485, 494 (10th Cir. 2011) ("In this Circuit the law is well established that the defendant shall bear the burden of proof for sentence decreases." (quotation omitted)).

---

issues raised by Sahagun-Ramirez and counsel. See United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc).

**III**

Because we are not presented with any meritorious grounds for appeal, we

**GRANT** counsel's request to withdraw and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge