FILED
United States Court of Appeals
Tenth Circuit

October 8, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

HILARIO MARTINEZ-GUTIERREZ,

     Defendant - Appellant.

No. 15-2028
(D.C. No. 2:14-CR-02972-RB-1)
(D. New Mexico )

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BALDOCK**, Circuit Judges.

Defendant Hilario Martinez-Gutierrez pleaded guilty to a one-count information

charging him with illegal reentry of a removed alien. *See* 8 U.S.C. § 1326. The district

court sentenced him to 40 months' imprisonment. On appeal, Defendant's counsel filed

---

[*] After examining the brief and appellate record, this panel has determined unanimously
to honor the party's request for a decision on the brief without oral argument. *See* Fed. R.
App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Under the Supreme Court's decision in *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005); *see also* 10th Cir. R. 46.4(B)(1). Defendant and the government were given the opportunity to respond to counsel's filings but neither did so. After conducting our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, we agree with counsel that there are no nonfrivolous issues for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss this appeal and grant counsel's motion to withdraw.

## I. BACKGROUND

On August 15, 2014, United States Border Patrol agents apprehended Defendant near the port of entry in Columbus, New Mexico. He admitted that he was a citizen of Honduras illegally in the United States. Defendant had previously been convicted of illegal reentry of a deported alien in the Eastern District of New York in 2012 and sentenced to 40 months' imprisonment and three years' supervised release. On August 29, 2014, Defendant pleaded guilty to the one-count information. Because he had previously been deported following a conviction for an aggravated felony (a 1999 Florida state-court conviction of battery and false imprisonment), he faced a potential sentence of up to 20 years' imprisonment. *See* 8 U.S.C. § 1326(b)(2).

Under the applicable sentencing guidelines, illegal reentry of a deported alien carried a base offense level of eight. Defendant qualified for a 16-level enhancement because he had been previously deported after committing a felony crime of violence. *See* USSG § 2L1.2(b)(1)(A). After a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a),(b), his final offense level was 21. Because his criminal-history category was IV, *see id.* § 4A1.1, his guidelines sentencing range was 57 to 71 months' imprisonment. *See id.* Ch. 5 Pt. A.

Before sentencing, Defendant and his counsel reviewed the presentence report. He made no objections to the report, and the district court thus adopted the report's factual findings. Defendant asked the court to vary downward to 40 months based on the date and circumstances of the sentence leading to the 16-level enhancement. The government opposed such a variance, and asked for a 57-month sentence, at the bottom of the guidelines range. The court sentenced him to 40 months' imprisonment, stating that such a sentence "is sufficient but not greater than necessary to meet the ends of the criminal justice system." R., Vol. III at 30. Defendant timely appealed.

## II.    DISCUSSION

An appeal in this case would have merit only if the guilty plea was invalid or if the sentence was unreasonable. After conducting an independent review of the record, we agree with counsel that neither issue presents a nonfrivolous ground for appeal.

A guilty plea must be knowing, intelligent, and voluntary to be valid. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998). Fed. R. Crim. P. 11 "is designed

3

to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *McCarthy v. United States*, 394 U.S. 459, 465 (1969). In this case the magistrate judge complied with Rule 11. The judge verified a factual basis for the plea; questioned Defendant to confirm that he understood the charges against him; informed him of the maximum possible penalty provided by law and of the consequences of the plea, including immigration consequences; and otherwise ensured that the plea was freely, voluntarily, and intelligently made. After independent review of the plea hearing, we see no nonfrivolous ground for appealing the guilty plea.

Nor is there any potentially meritorious ground for appealing Defendant's sentence. We review sentences for procedural and substantive reasonableness. *See United States v. Balbin-Mesa*, 643 F.3d 783, 786–87 (10th Cir. 2011). The district court correctly calculated the guideline range, and committed no other procedural errors meriting review. On substantive-reasonableness review, Defendant's below-guideline sentence is entitled to "a rebuttable presumption of reasonableness" when "challenged by the defendant as unreasonably harsh." *Id.* at 788 (internal quotation marks omitted). Nothing apparent in our review of the record rebuts that presumption. The district court varied downward based on the age of Defendant's felony crime of violence and his family circumstances. The court said it considered the factors under 18 U.S.C. § 3553(a) and that it was imposing a sentence "sufficient but not greater than necessary to meet the ends of the criminal justice system." R., V. III at 30. Any appeal of Defendant's sentence would be frivolous.

## III.    CONCLUSION

We DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5