FILED
United States Court of Appeals
Tenth Circuit

July 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANTONIO MONCADA, JR.,

     Defendant - Appellant.

No. 15-8124
(D.C. No. 2:15-CR-00089-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Antonio Moncada, Jr. pleaded guilty to conspiracy to distribute over 500 grams of a methamphetamine mixture, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), 846, and possession of firearms in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). The district court imposed consecutive sentences of 180 months' imprisonment on the first count and 60 months on the second. After Defendant brought an appeal, his counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, defense counsel may "request

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005); *see also* 10th Cir. R. 46.4(B)(1). Defendant and the government were given the opportunity to respond to counsel's filings but neither did so. After conducting our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, we agree that there are no nonfrivolous issues for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss this appeal and grant counsel's motion to withdraw.

## I. BACKGROUND

A two-count indictment was filed against Defendant on May 20, 2015. He chose not to accept a plea agreement that required him to cooperate with the government and instead pleaded guilty on September 1 without the benefit of an agreement.

The presentence report (PSR) computed the quantity of methamphetamine distributed by Defendant as 17,283 grams. Under the applicable sentencing guidelines, distribution of at least 15 kilograms, but less than 45 kilograms, of methamphetamine carried a base offense level of 36. *See* U.S.S.G. § 2D1.1 (2014). After a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a),(b), his total offense level was 33. Defendant had a criminal-history category of VI based on six prior convictions adding three criminal-history points each, *see id.* §§ 4A1.1 ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."), 4A1.2(k) (relating to additional sentence after revocation of probation or parole), resulting in a guidelines sentencing range of 235 to 293 months' imprisonment for count 1. *See id.* Ch. 5 Pt. A.

On count 2 the statute provided a mandatory 60 months' imprisonment to be served consecutively to the sentence on count 1. *See* 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii).

At sentencing, Defendant acknowledged reviewing the PSR with counsel and made no objections to the report. Defendant asked the court to vary downward to 120 months on the first count to account for his age. The government opposed such a variance and asked for a guidelines sentence. The court varied downward, sentencing Defendant to 180 months' imprisonment on the first count and 60 months' imprisonment on the second.

## II. DISCUSSION

An appeal in this case could succeed only if the guilty plea was invalid or if the sentence was unreasonable. Based on our independent review of the record, we agree that an appeal on either issue would be frivolous.

To be valid, a guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1196–97 (10th Cir.1998). Fed. R. Crim. P. 11 "is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *McCarthy v. United States*, 394 U.S. 459, 465, (1969). In this case the district court complied with Rule 11. It ensured that Defendant understood his trial rights; questioned Defendant to confirm that he understood the charges against him; informed him of the mandatory minimum, the maximum possible penalty, the guidelines sentencing process, and the consequences of the plea; verified a factual basis for the plea; and otherwise ensured that the plea was

freely, voluntarily, and intelligently made. After independent review of the hearing, we see no nonfrivolous ground for challenging the plea.

Nor is there any potentially meritorious ground for appealing Defendant's sentence. We review sentences for procedural and substantive reasonableness. *See United States v. Balbin–Mesa*, 643 F.3d 783, 786–87 (10th Cir.2011). The PSR correctly calculated the guideline range, and the court committed no procedural errors. With regard to the substantive reasonableness of the sentence, Defendant's below-guideline sentence is entitled to a "rebuttable presumption of reasonableness" when "challenged by the defendant as unreasonably harsh." *Id.* at 788. There is nothing apparent in the record that would rebut that presumption. The court considered the factors required by 18 U.S.C. § 3553(a). It varied downward from the guidelines range and said it was imposing a sentence "sufficient but not greater than necessary to accomplish the objectives after consideration of those factors under Title 18[, §] 3553(a)(1) through (7)." R., vol. 3 at 39. There is no plausible basis to challenge Defendant's sentence.

## III.  CONCLUSION

We DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Harris L Hartz
Circuit Judge

4