FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAMON CALVIN WHITE, a/k/a
"Damien White",

    Defendant - Appellant.

No. 18-5031
(D.C. No. 4:17-CR-00057-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Defendant Damon Calvin White pleaded guilty to possession of a firearm by a

convicted felon. *See* 18 U.S.C. § 922(g)(1). Defendant's counsel filed a notice of appeal,

but then filed a brief under *Anders v. California*, 386 U.S. 738 (1967), expressing his

belief that there are no nonfrivolous grounds for an appeal, and moved for leave to

withdraw. Defendant submitted a response on his own behalf. The government declined

to submit a brief. We grant counsel's motion to withdraw and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Defendant entered an unconditional guilty plea in the district court. The indictment charged that over a period of 12 years he had been convicted in Oklahoma state court of 13 offenses punishable by imprisonment exceeding one year—including, on three occasions, possession of a controlled substance with intent to distribute, *see* Okla. Stat. Ann. tit. 63, § 2-401(A)(1) (West). At the guilty-plea hearing the district court repeatedly confirmed that Defendant understood that "it appears most certainly [that the conviction] would carry a mandatory minimum sentence of 15 years and up to life." R., Vol. III at 10–11.

The probation office's presentence report (PSR) calculated Defendant's total offense level under the Sentencing Guidelines as 31 and his criminal-history category as VI, resulting in an advisory sentence range of 188 to 235 months of incarceration and two to five years of supervised release. Before sentencing, Defendant filed a motion requesting that the district court vary downward from the guidelines range to impose the statutory minimum sentence of 180 months. The government did not oppose the motion. Defendant's counsel did not lodge any objections to the PSR, but at the sentencing hearing he informed the court that, against counsel's advice, Defendant wished to object to the use of his controlled-substance convictions as the basis for a mandatory 15-year sentence under 18 U.S.C. § 924(e)(1). The district court granted Defendant's motion for a nonguideline sentence and sentenced him to 180 months of incarceration and a five-year term of supervised release.

Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request

permission to withdraw." *Anders*, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id*.

Defendant's counsel submits, and we have confirmed from the record, that there are no nonfrivolous grounds on which Defendant may challenge the validity of his guilty plea. The transcript of his colloquy with the district court at his plea hearing indicates that he knowingly and voluntarily pleaded guilty. The colloquy complied with the requirements of Fed. R. Crim. P. 11(b): the court informed Defendant of his trial rights in detail and he acknowledged that he waived them both orally and in signed forms, *see* Fed. R. Crim. P. 11(b)(1)(B)-(F); the court explained to Defendant the nature of the offense he was pleading to and confirmed that he understood it, *see id.* 11(b)(1)(G); the court described to Defendant the maximum penalties under that offense, stressed to him that it carried a mandatory minimum penalty of 15 years' incarceration, and noted the possibility of restitution and a special assessment, *see id.* 11(b)(1)(H)-(L); and the court made clear its obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under and variances from the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), *see id.* 11(b)(1)(M). The court also determined that the factual basis of the plea was sound, both by asking

Defendant to attest to the facts of the offense and confirming with the government that it was prepared to prove those facts. *See id.* 11(b)(3).

Nor are there any nonfrivolous grounds on which Defendant could challenge the procedural or substantive reasonableness of his sentence. *See United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007) ("We will set aside [a] sentence only if it is procedurally or substantively unreasonable in light of the statutory factors contained in 18 U.S.C. § 3553(a)."). Defendant argues that a viable argument could be made that his sentence was procedurally unreasonable, because it is possible that his prior controlled-substance convictions do not qualify as "serious drug offense[s]" as defined in 18 U.S.C. § 924(e)(2)(A). But he offers no argument why they would not qualify, and we see none. *See United States v. Lujan*, 724 F. App'x 682, 683–84 (10th Cir. 2018) (denying certificate of appealability to challenge determination that conviction of possession with intent to distribute under Oklahoma law was a "serious drug offense").

Defendant also has no colorable argument that his 15-year sentence was substantively unreasonable. *See United States v. Perez-Jimenez*, 654 F.3d 1136, 1146 (10th Cir. 2011) ("We apply a rebuttable presumption of reasonableness for sentences imposed within the correctly calculated advisory guideline range. 'Sentence' is broadly defined to include not just terms of imprisonment, but also terms of probation and fines." (citations and further internal quotation marks omitted)); *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) ("extending the rebuttable presumption of reasonableness to a below-guideline sentence challenged by the defendant as

unreasonably harsh.")  Nothing in the record would rebut the presumption of reasonableness.

We **GRANT** defense counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge