FILED
United States Court of Appeals
Tenth Circuit

May 29, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAY KYLE NICHOLSON,

    Defendant - Appellant.

No. 18-6170
(D.C. No. 5:17-CR-00108-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.[**]
_____

After violating the conditions of supervised release, defendant-appellant Ray

Kyle Nicholson was sentenced to 30 months' imprisonment and 22 months'

supervised release. Believing the sentence was excessive, Nicholson asked counsel

to file this appeal. After filing the appeal, counsel submitted an _Anders_ brief stating

his belief that Nicholson had no non-frivolous arguments to make. Counsel then

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

filed a motion to withdraw. We agree with counsel's position in the *Anders* brief, grant the motion to withdraw, and dismiss the appeal.

## BACKGROUND

On March 6, 2013, Nicholson was sentenced to 45 months' imprisonment and 3 years' supervised release for being an unlawful user of a controlled substance in possession of a firearm, 18 U.S.C. § 922(g)(3) (Count 1), and possession of a firearm with an obliterated serial number, *id.* § 922(k) (Count 2). *See* ROA Vol. I at 7 (Amended Petition for Warrant or Summons for Offender Under Supervision ("Petition")).[1] Nicholson began his supervised release in 2017. He violated several of the terms of his release on several different occasions. The court revoked his release later that year and sentenced him to 8 months' imprisonment followed by 28 months' supervised release.

His second term of supervised release started on April 6, 2018. *See id.* at 7. The Petition alleged that within months, he assaulted two women (one incident occurred on August 8 and the other on August 17); he was "fired from his job . . . due to poor performance"; and he was "evicted from the sober living house he was residing in." *Id.* at 8–9. The Petition further alleged he was evicted from the sober living house because of the August 17 assault, suspicion that he was using drugs, and failure to pay rent. *See id.* Lastly, the Petition alleged Nicholson missed five drug

---

[1] The Petition states 18 U.S.C. § 911(k), but that appears to be a typo. Section 911 concerns falsely representing oneself to be a citizen of the United States. Section 922(k), on the other hand, covers the issue here—possessing a firearm with an obliterated serial number.

tests, and the tests he did take came back positive for either methamphetamine, marijuana, cocaine, or some combination of the three. *See id.* at 10. The probation officer recommended revocation of the second term of supervised release, 30 months' imprisonment, and 22 months' supervised release. *See id.* at 8–10.

At the sentencing hearing, Nicholson stipulated to the allegations in the Petition. *See* ROA Vol. III at 3. Nicholson and his counsel then asked the court not to impose a term of supervised release. As counsel put it: "[Nicholson] fully admits that he's never been successful on probation, and he's asking you not to impose any further supervision, just sentence him to a term of imprisonment as recommended by the guidelines and then just cut all further supervision." *Id.* at 4. Counsel further stated, "he's got enough problems without having to try to comply in the future with [conditions of supervised release]." *Id.* at 4–5. "He's best just left alone if he can succeed on doing things on his own without having the tension and the stress of being supervised by the probation office." *Id.* at 5. And Nicholson himself stated, "I've never been successful on [supervised release]. . . . [If you impose it again], I'm not going to make it." *Id.* at 6. "I can't do supervision. . . . I can't jump through five hoops." *Id.* at 12.

Counsel for the government contended that supervised release was necessary, *inter alia*, to deter Nicholson from further criminal conduct and to "protect the public from future crimes," as Nicholson stipulated to "two separate incidents of [assault]." *Id.* at 9. The court agreed with the government and imposed the sentence recommended by the probation office. Specifically, the judge stated, "the Court has

3

considered the factors in Title 18, United States Code, Section 3553, and the policy statements in Chapter 7 of the sentencing guidelines. It is the order of the Court that" Nicholson is sentenced to 24 months' imprisonment on Count 1, six months' imprisonment on Count 2, four months' supervised release on Count 1, and 22 months' supervised release on Count 2. *Id.* at 14–15. The terms of imprisonment were to run consecutively, and the terms of supervised release were to run concurrently. *See id.* Effectively then, the sentence was 30 months' imprisonment and 22 months' supervised release. *See id.*

Nicholson believed the sentence was excessive and asked counsel to file this appeal. *See Anders* Br. at 2. Counsel did as asked, but he then filed an *Anders* brief contending there "are no non-frivolous grounds on which to attack Mr. Nicholson's conviction or sentence." *Id.* Counsel also filed a motion to withdraw.

## DISCUSSION

"When counsel for a defendant has conscientiously examined a client's case and determined that any appeal would be 'wholly frivolous,' counsel is permitted to move to withdraw as appellate counsel and file a[n *Anders*] brief explaining to the court of appeals why the appeal lacks merit." *United States v. Foster*, 758 F. App'x 668, 669 (10th Cir. 2019) (unpublished) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). Once counsel has done so, "[t]he Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal."

4

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (internal citation omitted). Having fully examined the record, the *Anders* brief submitted by Nicholson's counsel, and the applicable law, we grant the motion to withdraw and dismiss the appeal.

**A.**

We begin with Nicholson's purported reason for having counsel file this appeal: that his sentence was excessive. *See Anders* Br. at 2. We review sentence reasonableness for abuse of discretion. *See United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *Id.* (citation omitted).

"Procedural reasonableness involves using the proper method to calculate the sentence." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). The Supreme Court has provided the following examples of procedural pitfalls: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Substantive review, "on the other hand, involves 'whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in [§ 3553(a)].'" *Sayad*, 589 F.3d at 1116 (citation omitted) (alteration original). We see no non-frivolous arguments that the

district court abused its discretion in imposing an effective sentence of 30 months' imprisonment and 22 months' supervised release.

Starting with the procedural component, Nicholson did not raise any procedural issues below. *Cf.* ROA Vol. III. To the extent he would now do so, his arguments would be reviewed under the standard of plain error review. *See United States v. Vonn*, 535 U.S. 55, 62 (2002) (discussing plain error review). That circumstance is compounded by the fact that none of the procedural pitfalls identified in *Gall* is present here. *See* 522 U.S. at 51.

First, the district court correctly calculated the guidelines range. *See* ROA Vol. III at 14–18. All the documents submitted to us indicate Nicholson's Criminal History Category was VI, and we have no reason to suspect otherwise. *See, e.g.*, ROA Vol. II at 1, 6. The district court also correctly noted that Nicholson's most serious offense triggering a revocation of supervised release was a Grade A violation. *See* U.S.S.G. § 7B1.1(a)(1). Section 7B1.1(a)(1) of the Guidelines states that Grade A violations include crimes of violence punishable by more than a year imprisonment. *See id.* Because Nicholson stipulated to two assault offenses, one of which was punishable by more than a year of imprisonment, *see* Okla. Stat. tit. 21, § 644(j); ROA Vol. I at 8, the district court's determination that his most serious offense triggering a revocation of supervised release was a Grade A violation was correct. Given that U.S.S.G. § 7B1.4 provides a guideline range of 33–41 months for a Grade A revocation violation committed by a defendant with a Criminal History

6

Category of VI, the district court's effective sentence of 30 months' imprisonment was below the correctly calculated Guidelines range.[2]

Additionally, the district court's effective sentence of 22 months' supervised release was within the correct range. 18 U.S.C. § 3583(h) provides that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." The provision further provides that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."

Here, Nicholson violated 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 922(k). Section 922(g)(3) is a Class C felony, and § 922(k) is a Class D felony. *See* 18 U.S.C. § 924(a)(1) (establishing penalties for § 922 offenses); 18 U.S.C. § 3559 (classifying offenses based on maximum penalties). Courts are permitted to impose up to three years of supervised release for Class C and Class D felonies. 18 U.S.C. § 3583(b)(2). Thus, the term of supervised release authorized was three years for

---

[2] We also note that this term did not exceed the maximum range discussed in 18 U.S.C. § 3583(e)(3). That provision states that a term of imprisonment imposed for violation of supervised release shall not exceed two years if the original offense was a Class C or D felony. Here, as explained below, Nicholson's § 922(g)(3) offense (Count 1) was a Class C felony, and his § 922(k) offense (Count 2) was a Class D felony. Nicholson was sentenced to 24 months' imprisonment on Count 1 and six months' imprisonment on Count 2. Neither of these sentences exceeded the maximum range offered by § 3583(e)(3).

each of the two counts. For Count 1, three years "less [the] term of imprisonment . . . imposed" (i.e., less 24 months' imprisonment) is 12 months. The district court's sentence of four months' supervised release on Count 1 was within this limit. As for Count 2, three years less the six months' imprisonment imposed is 30 months. Nicholson's sentence of 22 months' supervised release on Count 2 was within that limit.

Second, there is no indication the district court treated the guidelines as mandatory. *Cf.* ROA Vol. III. at 14–18. Third, the district court did not select a sentence based on clearly erroneous facts, as Nicholson stipulated to the government's allegations. *See id.* at 3. Fourth and finally, the district court adequately explained the chosen sentence. The court explicitly mentioned the § 3553 factors, Nicholson's Criminal History Category, the grade of violation, and then discussed the sentence and the terms of supervised release in detail. *See id.* at 14–18.

Turning to substantive reasonableness, we see no non-frivolous argument here either. As noted above, this inquiry hinges on whether "the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in [§ 3553(a)]." *Sayad*, 589 F.3d at 1116 (citation omitted) (alteration original). When a court revokes supervised release and imposes a new prison term, § 3583(e) directs it to consider the following factors in § 3553: (a)(1) (the nature and circumstances of the offense), (a)(2)(B) (the need for deterrence), (a)(2)(C) (protection of the public), (a)(2)(D) (the need to provide the defendant with correctional treatment in the most effective manner), (a)(4) (the guidelines range), (a)(5) (any pertinent policy

8

statements), (a)(6) (avoidance of sentencing disparities), and (a)(7) (the need for restitution).

We begin by noting that the district court's sentence of 30 months' imprisonment was below the guidelines range. Accordingly, it is presumptively reasonable. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). We see nothing in the facts of Nicholson's case or the relevant § 3553 factors that would rebut this presumption. Rather, most of the relevant factors strongly support the district court's sentence. For example, because Nicholson had a consistent history of violating supervised release, the need for deterrence was significant ((a)(1) and (a)(2)(B)); there was a need to protect the public from future crimes committed by Nicholson because he stipulated he committed two different assaults during his most recent term of supervised release ((a)(2)(C)); given Nicholson's drug abuse, there was a need for correctional treatment and rehabilitation ((a)(2)(D)); and the district court considered the Chapter 7 guidelines in imposing the sentence ((a)(4)(B)).

As for the reasonableness of the term of supervised release, § 3583(c) directs courts to consider the same § 3553(a) factors. Those factors support the reasonableness of the 22 months' term of supervised release, just as they supported the reasonableness of the 30 months' term of imprisonment.

**B.**

As for any remaining issues, we generally treat stipulations of the kind at issue here as "tantamount to an unconditional guilty plea." *United States v. Livingston*,

9

586 F.3d 819, 822 (10th Cir. 2009). "As such" they generally "amount[] to a waiver of all non-jurisdictional defenses." *Id.*; *see also United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994). We perceive of no jurisdictional defenses that would be available to Nicholson. Additionally, there is no evidence that his stipulation was either unknowing or involuntary. *Cf. Livingston*, 586 F.3d at 823 (remanding for an evidentiary hearing to determine whether the defendant knowingly and voluntarily entered the stipulation). To the extent Nicholson would now argue it was, that argument would be reviewed for plain error because he did not raise it below. *See Vonn*, 535 U.S. at 63. We therefore conclude there are no other non-frivolous arguments Nicholson could raise.

## CONCLUSION

For the reasons stated above, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Allison H. Eid
Circuit Judge