**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11138

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRYAN JOSEPH BOWDEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cr-00011-AW-MAL-1

_____

Before JORDAN, KIDD, and ED CARNES, Circuit Judges.

PER CURIAM:

Bryan Joseph Bowden pleaded guilty to possession with intent to distribute cocaine and five or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), (b)(1)(C),

and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court varied downward from Bowden's guidelines range of 151 to 188 months, imposing a sentence of 144 months imprisonment followed by ten years of supervised release. Bowden challenges his sentence, contending that it is substantively unreasonable.

## I.

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based upon the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

As part of its consideration of the § 3553(a) factors, the district court focused on Bowden's prior domestic violence and drug offense convictions. The details of those crimes were included in Bowden's presentence investigation report (PSR). Without objection from the parties, the court found that the PSR was accurate and adopted its findings.

The PSR included Bowden's 2018 federal conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture containing the drug. He was also convicted of distribution of methamphetamine. He had sold methamphetamine to a confidential source and was held accountable for a total of 567 grams of

the drug. He was sentenced to 48 months in federal prison followed by a total of five years supervised release.

In 2018 while he was serving his time in federal prison, he was convicted in Florida state court for improper exhibition of a dangerous weapon, burglary of a conveyance, and battery. The PSR recounted that in 2016 Bowden had threatened his fiancée with a firearm, and she fled their home with their four-month-old baby.

She reported that Bowden had pointed a pistol at her, threatened to kill her, and threatened to take the baby. During the fight, he had put the baby and the gun in the front seat of the car, but she grabbed the gun, removed the magazine, and threw it. He then dragged her by the hair and punched her, telling her to get the gun so that he could kill her. She managed to get away from him and to get into the car with the baby. And as she was trying to drive, Bowden struck the driver's side window of the car and broke it. She made it to the sheriff's office, and a deputy saw that the front driver's side window of her car was shattered, and she and the baby had shards of glass on them. She had abrasions on her collarbone and dirt on her shorts. Officers searched the car and found ammunition. After pleading guilty and being convicted, Bowden was sentenced to 12 months in jail, but that sentence ran concurrent to his term of imprisonment for his federal drug distribution crimes.

Bowden was released from federal prison in April 2020 and began serving his term of supervised release. But he repeatedly violated the terms of his release, including by getting convicted of more crimes.

In November 2021, he was convicted of tampering with physical evidence and possession of a controlled substance. The events leading up to those convictions involved more domestic violence. Officers responded to a domestic battery call at his address. His fiancée reported that Bowden had struck her in the back of the head and grabbed her by the throat, pushing her out of the passenger side of their car. He then left in the car. Officers tracked him down and pulled him over. They found Xanax pills in the car, some of which Bowden had tried to destroy. Officers also found methamphetamine and oxycodone in the car. Bowden was sentenced to 18 months in state prison. He was released on April 8, 2023.

## II.

In March 2024, Bowden committed the drug distribution and firearm crimes that led to the 144-month sentence he is challenging in this appeal. The parties agreed that he had a criminal history category of VI and a guidelines range of 151 to 188 months imprisonment. The court adopted those calculations.

At the sentence hearing, Bowden asked for a sentence of 84 months followed by five or six years of supervised release. He highlighted the mitigation that he believed justified a below-the-guidelines sentence. He explained that he has a long history of substance

abuse problems. And he pointed out that he is the father of three children and is very devoted to them.

The government asked for a guidelines sentence, which would be between 151–188 months imprisonment. It argued that Bowden is a repeat offender. He has a long criminal history, including the domestic violence incident with his fiancée that involved a firearm. And in the current offense, he possessed a firearm along with a lot of drugs.

The court described Bowden's history as "egregious," including the violence against his former fiancée. In addition to that, the court considered the large amount of drugs involved in his current offense. The court focused on the fact that Bowden had received a relatively low sentence for his prior drug distribution convictions.

For his 2018 federal drug distribution offenses, as we have mentioned, Bowden had received a sentence of 48 months imprisonment with a five-year term of supervised release. That sentence was made to run concurrently with the sentence for his state crimes, including threatening his fiancée with a firearm. Then, less than a year after he was released from federal prison, he violated the terms of his supervised release.

Considering Bowden's history, the court said that if not for the mitigation that the defense had presented, it would likely vary upwards from the guidelines range. The mitigation included Bowden's genuine expression of remorse, his family situation, and his long-standing substance abuse issues.

The court also considered the aggravating factors. Bowden possessed a substantial amount of drugs and a firearm while having a "violent history." He had been out of prison for less than a year when he committed the current drug and firearm offenses. And for his prior convictions, he had received a sentencing "break." The court considered his history of "going back to these types of offenses" despite having "multiple prison sentences." For those reasons, the court emphasized the need to provide adequate punishment and specific and general deterrence. The court also considered the need for public protection, focusing on the dangers of introducing drugs into the community and having "weapons in the hands of someone with this kind of violent history."

Having considered the 18 U.S.C. § 3553(a) factors, the court determined that varying down to a sentence of 144 months was sufficient but not greater than necessary. The court also found that a supervised release term of 10 years was appropriate because of Bowden's history of reoffending, the seriousness of his conduct, and the need to protect the public. The maximum term of supervised release was life.

## III.

In contending that his 144-month sentence is substantively unreasonable, Bowden takes issue with the weight the district court gave to the 18 U.S.C. § 3553(a) factors. He argues that the court should have given greater weight to mitigation.

We have recognized that the weight given to each sentencing factor "is committed to the sound discretion of the district

court." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) The court does not have to give all of the factors equal weight, and it has discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The court did consider and did give weight to the mitigation Bowden presented.

The court acted within its discretion in giving greater weight to some of the aggravating factors, such as the fact that a lighter sentence for drug distribution crimes had not deterred Bowden from committing more drug distribution and firearm crimes less than a year later. *See Butler*, 39 F.4th at 1355 ("We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances."). Also, the court properly considered the violence in Bowden's criminal history and the fact that his current convictions included the unlawful possession of a firearm. We will not second guess the court's weighing of those factors. *See id.*

Bowden also argues that the court was wrong to conclude that a long prison sentence promotes deterrence and public safety. That argument fails. "Congress, the United States Sentencing Commission, and this Court have all decided that general deterrence is a critical factor that must be considered and should play a role in sentencing defendants . . . ." *United States v. Howard*, 28 F.4th 180, 208 (11th Cir. 2022). And the same is true of specific deterrence. *See United States v. Irey*, 612 F.3d 1160, 1212–13 (11th Cir. 2010) (en banc) (explaining that a factor that "a district court must

consider in sentencing, and that a court of appeals must consider in reviewing the sentence for substantive reasonableness, is the need for the sentence imposed . . . to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C). This is the specific deterrence or incapacitation factor.").

A defendant's "extensive criminal history" may "support the conclusion that a lengthy sentence [is] necessary to promote deterrence and respect for the law." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016). The district court properly considered the need for general and specific deterrence. *See* 18 U.S.C. § 3553(a)(2)(B)–(C).

In rejecting his contention that a 144-month sentence in his case is unreasonably long, we are mindful that "it's fair to presume that a within-Guidelines sentence reflects a reasonable application of § 3553(a) in a particular case." *United States v. Curtin*, 78 F.4th 1299, 1323 (11th Cir. 2023) (Newsom, J., concurring); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness.") (citation omitted). "[W]e do not automatically presume a sentence within the guidelines range is reasonable," but we ordinarily expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

That expectation amounts to a thumb on the scale favoring reasonableness of a within-guidelines sentence. *See id.* When the

defendant challenges a below-the-guidelines sentence, the expectation of reasonableness is, if anything, even stronger. *Cf. United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (explaining that "simple logic compels the conclusion that, if a [guidelines] sentence . . . would have been presumptively reasonable in length, [a] defendant's task of persuading us that the more lenient sentence [below the guidelines range] is unreasonably long is even more demanding"); *accord United States v. Boroczk*, 705 F.3d 616, 623 (7th Cir. 2013) (reviewing a defendant's challenge to his below-guidelines sentence and applying a "presumption that a sentence *within or below* the guidelines range is reasonable") (emphasis added); *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (applying a "rebuttable presumption of reasonableness to a below-guideline sentence challenged by the defendant as unreasonably harsh"); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008) ("A sentence within the [guidelines] range is presumptively reasonable, and it follows that a sentence below the range also is presumptively not too high.").

Finally, Bowden contends that his ten-year supervised release term is unreasonably long and amounts to an unwarranted sentencing disparity. The guidelines do aim to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (quotation marks omitted). But to make a "well-founded claim of disparity," the defendant must show that similar conduct is being compared. *Id.* at 1101 (quotation marks omitted). The arguments should be specific

enough for the court to "gauge" whether any disparity is unwarranted. *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011).

Bowden points to national statistics for defendants who were convicted of "a primary offense involving methamphetamine" and shared his criminal history category of VI, but he has not identified any other similarities between himself and those who were sentenced to shorter terms of supervised release. It follows that he has not shown that any disparity between his sentence and those of other defendants was unwarranted. *See id.* ("[W]e are not convinced that a sentence imposed in this circuit is subject to a national grade curve.").

Not only that, but we have held "[t]hat a sentence is imposed well below the statutory maximum penalty may also indicate its reasonableness." *United States v. Babcock*, 924 F.3d 1180, 1197 (11th Cir. 2019). A supervised release term of ten years is well below the maximum one of life and is reasonable in this case.

## IV.

Bowden has failed to show that his below-the-guidelines-range, 144-month sentence of imprisonment followed by 10 years of supervised release is substantively unreasonable.

**AFFIRMED.**